KEMPSON *v.* GOSS.

Opinion delivered April 13, 1901.

STEPCHILDREN—MAINTENANCE.—Where a stepfather cut timber from the lands of his stepchildren, and applied the proceeds in part to their maintenance, he should not be charged with the value of the timber unless it exceeded the cost of their maintenance, as he had undertaken to maintain them only with the aid of their means.

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

*Ben Isbell,* for appellant.

Appellant had the legal right to cut the timber as the husband of the life tenant. 36 Ala. 80; 50 Me. 374; 47 Ark. 457; 9 Am. & Eng. Enc. Law, 842-3. Appellant was not bound to support his step-children.

*Grant Green,* for appellees.

The life tenant had no right to commit waste. 1 Washb. Real Prop. §§ 107, 125; 28 Am. & Eng. Enc. Law, 891; Tied. Real. Prop. §§ 72, 73; Webb's Poll. Torts, 429.

HUGHES, J. This is an appeal from a judgment of the White circuit court in favor of the appellees and against the appellant for the value of timber alleged to have been wrongfully cut and con- verted to his own use by the appellant from the lands of the appel- lees. In the action the appellant set up a counterclaim for the value of improvements made by him upon the lands, and for the board and clothing of the appellees, who were the children of his wife by a former husband. It is admitted that the land from which the timber was taken, to-wit: southeast quarter of the south- east quarter of section 24, and west half of the northeast quarter of section 25, township 9 N., range 5 W., was inherited by appellees from their father, A. J. Finger, and that they with their mother oc- cupied the 80-acre tract in section 25 as a homestead. The evi- dence of the appellees tends to show that the appellant had cut and removed from the lands of the appellees 982 cross-ties, and that 942 of them were taken from the 40-acre tract. The testimony on the

part of the appellant tends to show that he cut timber on the 40-acre tract, and he says he cut 300 cross-ties outside of the clearing on the 80-acre tract, and that some of these were from the 40-acre tract, and others were from land other than plaintiffs'.

The appellant married the mother of the plaintiffs on the 20th of August, 1889, and she at that time had five children living by her former husband, all of whom were under the age of 12 years. He moved on her place, cleared land on the 80-acre tract described above, put some of it in cultivation, supported and provided for the minor children of his wife, till her death, which occurred April 29, 1898. He paid taxes on the lands, and testified that he made various valuable improvements, and kept the place in repair, etc. He admitted the lands were the lands of the plaintiff at the death of their mother.

Upon its own motion the court instructed the jury as follows: "The jury are instructed that the defendant's counterclaim offered as a setoff for board, clothing and provisions furnished to them by the defendant is not an allowable claim or defense to the plaintiffs' cause of action for the value of timber cut and removed from the land in controversy." "The jury are instructed that if they find from the evidence that the defendant cut and removed timber and railroad ties from the land, and used the proceeds of such sales for the benefit and maintenance of his family, including the plaintiffs and their mother, he is liable, and must account to the plaintiffs for the value of such timber." To which instructions the defendant excepted, and asked that his exceptions be noted.

The jury, after hearing all the evidence and the argument of counsel, retired under said instructions of court, and they returned the following verdict: "We, the jury, find for the plaintiffs, and assess their damages at $62.50," and thereupon the court gave judgment for the plaintiffs against the defendant for same amount.

We are of the opinion that the above instructions do not present this case properly to the jury. A father, it is true, is bound to support his minor children, if able to do so, but it is held that he is not bound to support his step-children. Schouler, Domestic Relations (5th Ed.), page 369, § 237, says: "In the absence of special statutes, the father-in-law is not obliged in this country to support his step-children, and consequently is not entitled to their earnings;" citing a number of authorities in note

4, to support the text, from Massachusetts, Minnesota and Illinois. It has been held that the father may be allowed in equity for the expenses of past maintenance and education of his children, if special circumstances exist. 17 Am. & Eng. Enc. Law (1st Ed.), pp. 358-360. "Every such case must depend on its own facts." Where the parent is poor, and the children have property or means of their own, it is but just that the parent should be compensated out of their estate for their maintenance and education. Schouler, Domestic Relations (5th Ed.), § 238. In section 273 the same author says: "It is well settled that, in the absence of statutes, a person is not entitled to the custody and earnings of step-children, nor bound by law to maintain them. Yet if a step-father voluntarily assumes the care and support of a step-child, he stands *in loco parentis* for the time being, and the presumption then is that they deal with each other as parent and child, and not as master and servant, in which case the ordinary rules of parent and child will be held to apply; and, consequently, neither compensation for board is presumed on the one hand, nor for services on the other."

We think the court erred in instructing the jury to ignore entirely the appellant's counterclaim for board and maintenance of the appellees. If they owned the property from which the timber was cut, and he applied the proceeds of the sale of said property to their maintenance in part, we think he should not be charged with the proceeds of the sale or the value of the timber cut, unless its value exceeded the value of their maintenance, as he had undertaken to support and maintain them with the aid of their means.

For the error indicated, the judgment is reversed, and the cause is remanded for a new trial.