GUNNELLS *v.* GUNNELLS.

4-6591                                       158 S. W. 2d 57

Opinion delivered January 26, 1942.

*Carter & Smith* and *Wheeler, Atchley & Vance,* for appellant.

*Melvin T. Chambers,* for appellee.

GREENHAW, J. This is an appeal from a judgment of the circuit court sustaining an award by the Workmen's Compensation Commission on March 12, 1941, in

favor of the appellee, Mrs. Mary Ida Gunnells, the widow of E. R. Gunnells. Deceased was employed by the appellants, Frank, George, Elizabeth and Pearl Frankel, and while so employed lost his life on February 9, 1941, as a result of having inhaled hydrogen sulphide gas fumes. He was survived by the appellee and by his five children, Vesta, Maxine, Thomas, Bonnie Ruth, and Donald Ray Gunnells, all minors under 18 years of age.

On February 21, 1941, the appellant employers gave notice to the Workmen's Compensation Commission of the injury and death, pursuant to act 319 of 1939, known as the Workmen's Compensation Law. On March 7, 1941, the appellee filed with the commission claim for compensation of 35 per cent. of the average weekly wages of her deceased husband for her own use and benefit as the surviving widow, and an additional 30 per cent. on account of the five minor children. Likewise on March 7, 1941, Mrs. S. S. Gunnells, as next friend for the five minor children of the deceased, filed on their behalf with the commission, a claim for 30 per cent. of their deceased father's average weekly wages.

On the same day a stipulation between the appellee, the appellant, Mrs. S. S. Gunnells, as next friend of the minors, the appellant employers and the Employers Casualty Company, which carried the compensation insurance for appellant employers, was entered into and filed with the commission. After reciting the facts heretofore set out, it further stipulated that the deceased on the date of his fatal injury was receiving a weekly wage of $34.61; that 65 per cent. thereof is more than $20 per week, and that by reason thereof the Employers Casualty Company owed to the persons entitled thereto compensation at the rate of $20 per week for a period of 350 weeks, making a total compensation of $7,000, and that in addition thereto the surviving widow was entitled to $250 for burial expenses, which had already been paid by the casualty company.

The stipulation further provided:

"It is further agreed that the issues involved in this case are:

"(a)   Whether or not the widow is entitled to the full 35 per cent. of the average weekly wages, or is required to take a proportionate reduction along with her children under the provisions of subsection (e) of § 15 of the Arkansas Workmen's Compensation Act, and

"(b)   Whether she is entitled to receive 35 per cent. of the average weekly wages under paragraph (1) of § 15 (c) of the act, and in addition thereto, is entitled to recover the remaining available 30 per cent. of the average weekly wages for the use and benefit of the five children under the terms of paragraph (3) of § 15 (c) of the act, or, whether the five children are entitled to have the remaining 30 per cent. of said average weekly wages paid to their legally appointed guardian."

The appellants contended that under the Workmen's Compensation Law the appellee was not entitled to a full 35 per cent. of the average weekly wages of the deceased, and that the five children were not entitled to a full 10 per cent. each, but that the widow and children should each and all be required to take a proportionate reduction, under the provisions of subsection (e) of § 15 of said act, and that any percentage payable to or on account of the children should not be paid to the mother, the appellee, but to their duly appointed, qualified and acting guardian.

The commission held that the agreed statement of facts, stipulating payment of compensation at the rate of $20 per week for a period of 350 weeks, was in error, and that under subsection (g) of § 15 of the act, future conditions might bring about a decrease in the $20 weekly rate which would result in the payment of compensation for a period of more than 350 weeks before reaching the maximum of $7,000, the total compensation specified in subsection (b) of § 15.

It also held that the words "and in the following order or preference," as used in subsection (c) of § 15, were employed to establish definitely *seriatim* priority of rights to compensation for dependents of deceased employees; that paragraph (3) of subdivision (c) repeats the priority established in paragraphs (1) and (2) and

provides for additional compensation under certain conditions, and that subdivision (e) does not conflict with subdivision (c). The commission concluded, therefore, that the appellee as widow had a claim, under § 15, subsection (c), paragraph (1) that is superior to the claims of all other dependents.

It further held that the framers of the act intended that the additional compensation allowed under subsection (c), paragraph (3) on account of each child, should be paid to the widow and not to the guardian of the child. In this connection the commission said:

"The additional compensation is to be paid 'to' the widow or widower. Surely 'to' cannot be misunderstood. 'On account of' is construed to mean 'because of'; *i. e.*, because of a child to support, the widow or widower is allowed a greater percentum as compensation. If the framers of the act had intended for the children to receive compensation in their own right under such conditions, they could have easily so stated.

"If a widow or widower qualified to draw compensation under paragraphs (1) or (2) and (3), a child will not be awarded compensation under paragraph (4). Conversely, an award for compensation under paragraph (4) will issue to a child, if no widow or widower qualifies for compensation under paragraph (1) or (2)."

The commission further held that, the appellee having qualified for compensation under § 15, subsection (c), paragraph (1), and for additional compensation under paragraph (3), and in view of the fact that 65 per cent. of the average weekly wage of the deceased exceeded the maximium of $20 established in § 15, under present conditions compensation was payable to the widow at the rate of $20 per week, and so ordered.

Upon appeal from the order of the commission to the circuit court of Lafayette county, that court sustained the findings of fact and conclusions of law made by the Workmen's Compensation Commission, and dismissed the appeal with prejudice. From an order overruling the motion for new trial, this case is here on appeal.

The appellants contend that the commission and the lower court erred in holding that there were no payments due to the minor children in their own right, and also in holding that the amount payable to the widow should not be reduced to her *pro rata* part of the total payment due as provided in § 15 (e). We are unable to agree with these contentions. While this act is not as clear and definite as it might be, our construction of the language in § 15 and all subdivisions thereof coincides with the holding of the commission and the lower court. Under this construction the right of a widow to receive 35 per cent. of the average weekly wages of her deceased husband, provided that sum does not exceed $20 per week, is prior to all other claims. In addition to the money payable to a widow in her own right, where she qualifies under paragraphs (1) and (3) of subsection (c) she is entitled to receive additional compensation of 10 per cent. of the average weekly wages for each minor child under 18 years of age, provided the total payment shall not exceed 65 per cent. of the average weekly wages of the deceased, and provided the payment shall in no event exceed $20 per week.

In view of our interpretation of the pertinent language of this act, we have concluded that the appellee widow would have been entitled not only to 35 per cent. of the average weekly wages of her deceased husband, but also to the additional 30 per cent. thereof claimed for the children, had said 65 per cent. of the average weekly wages of the deceased not exceeded the maximum allowance of $20 per week. Since 65 per cent. of the average weekly wages of her deceased husband at the time of his fatal injury exceeded $20 per week, she is entitled to the full $20 per week.

As the order of the Workmen's Compensation Commission does not specify that the total compensation payments shall not exceed the sum of $7,000, it is modified to so read, and as modified is affirmed.