Gary McJUNKIN TRUCKING
COMPANY et al *v.* Sherri Jean BYARS

75-61                                                                525 S.W. 2d 662

Opinion delivered June 30, 1975
[Rehearing denied September 2, 1975.]

*Wright, Lindsey & Jennings,* for appellants.

*Hubert L. Burch,* for Myrtha Lynn Cox, Mother and Custodian of Gary Lynn Byars, Jr., and William Edward Byars, co-appellants.

*Leonard Greenhaw,* for appellee.

CONLEY BYRD, Justice. At issue in this Workmen's Compensation litigation are the rights and priorities between the decedent's widow and his two dependent children by a prior marriage to the compensation benefits. The record shows that at the time of the death of Gary L. Byars he had an average weekly wage of $160. He left surviving him his widow, the appellee Sherri Jean Byars, age 21 and two children by a prior marriage, William Edward Byars, born August 27, 1968 and Gary Lynn Byars, Jr., born October 16, 1970. The Commission applied a "pro rata" method of appropriating the maximum $63 benefit by awarding the widow $33.92 per week and awarding to the mother of the children, co-appellant Myrtha Lynn Cox, for the use and benefit of the children the sum of $29.08 per week. The Commission also denied the widow's application for a lump sum settlement. The circuit court reversed the Commission and directed that

the widow was entitled to 35% of the decedent's average weekly wage or $56.00 per week and that the award to the children should be reduced to $7.00 per week. The circuit court also held that the Commission abused its discretion in denying the widow's application for a lump sum award. Both the employer and Myrtha Lynn Cox have appealed.

The Workmen's Compensation Act (Int. Meas. 1948 No. 4) with respect to lump sum settlements, Ark. Stat. Ann. § 81-1319 (k) (Repl. 1960), provides:

"Whenever the Commission determines that it is for the best interest of the parties entitled to compensation . . . the liability of the employer for compensation may be discharged by the payment of a lump sum equal to the present value of all future payments of compensation computed at four (4%) per centum discount, compounded annually. . . . "

In view of the tender age of the two minor children by the previous marriage and the fact that the widow was only 21 at the time of the hearing, we cannot say that the Commission abused its discretion in denying the lump sum award.

With respect to the amount of compensation to be paid to the beneficiaries, The Workmen's Compensation Act, Ark. Stat. Ann. § 81-1315 (Repl. 1960 [Int. Meas. 1948 No. 4 § 15]) provides:

"(c) Subject to the limitations as set out in section 10 [§ 81-1310] of this act, compensation for the death of an employee shall be paid to those persons who are wholly dependent upon him in the following percentage of the average weekly wage of the employee, and in the following order of preference.

First. To the widow if there is no child, thirty-five (35) per centum, and such compensation shall be paid until her death or remarriage.

To the widower if there is no child, thirty-five (35) per centum, and such compensation shall be paid during the continuance of his incapacity or until remarriage.

Second. To the widow or widower if there is a child, the compensation payable under the First above,

and fifteen (15) per centum on account of each child.

Third.   To one child, if there is no widow or widower, fifty (50) per centum. If more than one child, and there is no widow or widower, fifteen (15) per centum for each child, and in addition thereto, thirty-five (35) per centum to the children as a class, to be divided equally among them.

Fourth. To the parents, twenty-five (25) per centum each.

Fifth.   To brothers, sisters, grandchildren and grandparents, fifteen (15%) per centum each.

(d) . . .

(e) *Apportionment of benefits.* Where, because of the limitation in subsection (c) of this section, a person or class of persons cannot receive the percentage of compensation specified as payable to or on account of such persons or class, there shall be available to such person or class that proportion of such percentage as when added to the total percentage payable to all persons having priority or preference, will not exceed a total of sixty-five (65%) per centum, which proportion shall be paid (1) to such person, or (2) to such class in equal shares unless the Commission determines otherwise in accordance with the provisions of subdivision (f) of this section."

When this Workmen's Compensation claim arose, Section 10 of The Workmen's Compensation Act, (Ark. Stat. Ann. § 81-1310 (b) [Supp. 1973]), had been amended to read:

"Compensation payable to the dependents for the death of an employee shall not exceed sixty-five (65) per centum of the employee's average weekly wage at the time of the accident, and shall not be greater than sixty-three dollars ($63) per week. . . . "

A look at subsection (c), *supra,* shows that the First preference is for the widow only "if there is no child." Clearly the widow here does not fit into the First classification of preference because here there are two children involved. The Second classification reads "Second, to the widow or widower if there is a child . . . ." A widow with a child then, under the plain words of the statute, clearly falls into the Second classification. The statute continues " . . . the compen-

sation payable under the First above . . . ." Here the widow is given the thirty-five (35) percent compensation as provided in the First classification. She is not given the priority of the First classification. She is given only the thirty-five (35) percent compensation. Continuing with the statute " . . . and fifteen (15) per centum on account of each child." Note that the statute uses the word "and". It does not use other words that would show a preference of the widow over the children. It places the widow and the children upon equal footing. They are both given the same priority of classification. The right of one is not superior to the right of the other. However, the widow and the children are given priority over other claimants in the Third, Fourth and Fifth classifications.

Since the widow and the deceased's dependent children both belong to the "Second" order of preference then subsection (e) *supra*, provides the method for apportioning the compensation benefits when the total allowances under subsection (c), *supra*, exceed the maximum disability benefits payable under Section 10, *supra*.

To avoid the apportionment of any benefits payable to her, the widow relies upon the construction given to act 319 of 1939, also known as "The Workmen's Compensation Law" in *Gunnells* v. *Gunnells,* 203 Ark. 632, 158 S.W. 2d 54 (1942). In that case the deceased employee was survived by a widow and five minor children. The facts do not state definitely but apparently the deceased's children were also the children of the widow. The stipulated facts showed that decedent's average weekly wage was $34.61 and that 65% thereof would exceed the $20.00 maximum then allowed by The Workmen's Compensation law. In holding against the contentions of the appellant as next friend of the children and in favor of the widow, we said:

> "The appellants contend that the commission and the lower court erred in holding that there were no payments due to the minor children in their own right, and also in holding that the amount payable to the widow should not be reduced to her *pro rata* part of the total payment due as provided in § 15 (e). We are unable to agree with these contentions. While this act is

not as clear and definite as it might be, our construction of the language in § 15 and all subdivisions thereof coincides with the holding of the commission and the lower court. Under this construction the right of a widow to receive 35 per cent of the average weekly wages of her deceased husband, provided that sum does not exceed $20 per week, is prior to all other claims. In addition to the money payable to a widow in her own right, where she qualifies under paragraphs (1) and (3) of subsection (c) she is entitled to receive additional compensation of 10 per cent of the average weekly wages for each minor child under 18 years of age, provided the total payment shall not exceed 65 per cent of the average weekly wages of the deceased, and provided the payment shall in no event exceed $20 per week.

In view of our interpretation of the pertinent language of this act. we have concluded that the appellee widow would have been entitled not only to 35 per cent of the average weekly wages of her deceased husband, but also to the additional 30 per cent thereof claimed for the children, had said 65 per cent of the average weekly wages of the deceased not exceeded the maximum allowance of $20 per week. Since 65 per cent of the average weekly wages of her deceased husband at the time of his fatal injury exceeded $20 per week, she is entitled to the full $20 per week.''

While we must admit that our present Section 15 (c) is similar to the provisions of Act 319 of 1939, that was involved in the *Gunnells* case, *supra*, there is still some difference in the language of the two Acts. For instance we find it impossible to construe the present Act as permitting a widow to qualify under both the First and second priorities of subsection (c). In fact it would appear that if the drafters of subsection (c) had intended for the widow to take Frst priority over all other claimants, then there would have been no need to put her in the Second order of preference nor any reason to again mention the widow's rights.

Furthermore, should we consider our present subsection (c) to be identical with the provisions of Act 319 of 1939, we

would overrule the *Gunnells* case. Under that decision, a teenage widow could cut out all Workmen's Compensation benefits to a whole houseful of minor children by a previous marriage any time the deceased employee's average weekly wage exceeded $200. We cannot believe that the intent of Initiated Measure 1948, No. 4 was to disenfranchise all dependent children by a prior marriage in favor of a second wife.

Reversed and remanded with directions to reinstate the Commission's order.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I must disssent because the changes in the law between the decision in *Gunnells* v. *Gunnells,* 203 Ark. 632, 158 S.W. 2d 54 and the death of Byars is insignificant insofar as priorities and apportionment are concerned. The decision here is contrary to the decision in *Gunnells* and I do not see how they can be distinguished. The record was not extensively treated in *Gunnells* because the issues were stipulated, but the result is certain. The law was changed with reference to Ark. Stat. Ann. § 81-1315 at least once, since *Gunnells* was decided, by Initiated Act. Ark. Stat. Ann. § 81-1310 to which it was related by Initiated Act No. 4 of 1948, was changed once by legislative act in the interim. A reenactment of the same language would not change its construction. In view of the fact that most of the changes have been toward a liberalization of benefits, we should not say that the language of the 1939 act was inadvertently included or that it was intended to change the construction given it in *Gunnells*.

If I felt that we were free to reconstrue the statutes, I could well agree with the result reached by the majority. But the language was construed by a court of rather eminent jurists and nothing has changed in the interim other than the personnel of the court.