CHICAGO MILL & LUMBER CO. *v.* SMITH.

5-1480                                                310 S. W. 2d 803

Opinion delivered March 10, 1958.

*Daggett & Daggett* by *Ronald A. May,* for appellant.

*Wright, Harrison, Lindsey & Upton; R. D. Smith, Jr.,* for appellee.

SAM ROBINSON, Associate Justice. Warren Smith was killed accidentally in the due course of his employ-

ment in Phillips County, Arkansas. He left surviving his widow, Irene Smith; Walter Griffin, Jr., the son of Irene Smith by a previous marriage; Marjorie Smith, a legitimate daughter by a marriage other than the marriage to Irene; and Bobby Gene Smith, an acknowledged illegitimate child. The Workmen's Compensation Commission awarded compensation to the three children mentioned, but disallowed the claim of the widow, Irene, on the theory that she was not a dependent within the meaning of the Workmen's Compensation Act. The Commission's findings were affirmed in the circuit court. The employer, Chicago Mill & Lumber Company, has appealed from the award to the children, on the theory that none of them was a dependent within the meaning of the Workmen's Compensation Law and that Walter Griffin, Jr., the son of Smith's widow, Irene, by a former marriage, is not a stepchild of the deceased within the meaning of the statute. Irene Smith has cross-appealed from the order denying her compensation.

There is substantial evidence to sustain a finding that at the time of his death Warren Smith was not contributing to the support of his wife or any of the children mentioned. Notwithstanding this fact, we think the widow and children are entitled to compensation under the Workmen's Compensation Law.

Ark. Stat. § 81-1302 (j) provides: " 'Child' means a natural child, a posthumous child, a child legally adopted prior to injury of the employee, a step-child, an acknowledged illegitimate child of the deceased or spouse of the deceased, and a foster child. 'Child' shall not include married children, unless wholly dependent upon the deceased."

It will be noticed that the Act does not classify a married child as 'child' unless he is wholly dependent upon the deceased. Here none of the children is married. This section of the Act is fairly open to the construction that unmarried children are entitled to compensation although the deceased parent was not supporting them at the time of his death, but married chil-

dren are not entitled to compensation unless they were wholly dependent on deceased.

The employer contends that Ark. Stat. § 81-1315 (c) limits the payment of compensation to those who were wholly dependent on the employee at the time of his death. The statute provides: "Subject to the limitations as set out in section 10 (§ 81-1310) of this act, compensation for the death of an employee shall be paid to those persons who are wholly dependent upon him in the following percentage of the average weekly wage of the employee, and in the following order of preference. * * *"

It would be possible to construe this provision of the Act as depriving a widow or child of any compensation when, as here, the husband and father was completely void of any sense of his family obligation. But it is a rule that remedial legislation shall be liberally construed. We believe the Legislature used the term "wholly dependent" in the sense of applying to those ordinarily recognized in law as dependents, and this would certainly include wife and children. Moreover, the Act is clear as to when dependency shall cease. Section 81-1315 (d) provides: "Terminations of dependence. In the event the widow remarries before full and complete payment to her of the benefits provided in subsection (c), there shall be paid to her a lump sum equal to compensation for fifty-two (52) weeks, subject to the limitation set out in section 10 (§ 81-1310) of this Act. A physically or mentally incapacitated child, grandchild, brother or sister shall be entitled to compensation as a dependent of the deceased employee without regard to age or marital status, but if physically or mentally capacitated to earn a livelihood, dependency shall terminate with the attainment of eighteen (18) years of age or upon marriage."

In *Holland Construction Co.* v. *Sullivan,* 220 Ark. 895, 251 S. W. 2d 120, in construing the 1940 Workmen's Compensation Law it was held that the child of a deceased natural parent was entitled to compensation, although he had not been dependent on the natural parent—in fact,

the child had been adopted by another person, who was supporting him. Appellant contends that the 1948 Workmen's Compensation Act amended the 1940 Act to the extent that the child of a deceased parent cannot recover when the parent at the time of his death was not contributing to the support of the child. True, the Act could be so construed, but such a construction would leave unsolved the meaning of Ark. Stat. § 81-1302 (j), which says that a married child does not come within the definition of "child" unless wholly dependent. Nor do we think that § 81-1315 (c), dealing with partial dependency, precludes recovery by the wife and children who are dependents within the usual meaning of the word. There is no contention in this case that the mother or children are capable of taking care of themselves. For all the record shows, they perhaps are the objects of charity.

In *Triebsch* v. *Athletic Mining & Smelting Co.,* 218 Ark. 379, 381, 237 S. W. 2d 26, we said: "* * * We have many times held that the Workmen's Compensation Law should be broadly and liberally construed; and that doubtful cases should be resolved in favor of the claimant. See *Hunter* v. *Summerville,* 205 Ark. 463, 169 S. W. 2d 579; *Elm Springs Canning Co.* v. *Sullins,* 207 Ark. 257, 180 S. W. 2d 113; *Nolen* v. *Wortz Biscuit Co.,* 210 Ark. 446, 196 S. W. 2d 899; and *Batesville White Lime Co.* v. *Bell,* 212 Ark. 23, 205 S. W. 2d 31. * * *"

It is the further contention of the employer that Walter Griffin, Jr., son of Warren Smith's widow by a previous marriage, is not the stepson of the deceased because Walter had been living with his mother separate and apart from Smith for several years. The statute provides for compensation for a stepchild. Webster defines stepchild as "A child of one's wife or husband by a former marriage". Here, Walter Griffin, Jr., comes within that category. Appellant cites *Kempson* v. *Goss,* 69 Ark. 235, 62 S. W. 582, as authority for the proposition that the Griffin child is not a stepchild of the deceased within the meaning of the Act. But we

do not think the case sustains that contention. It is our conclusion that the widow and all the children who are parties in this case are entitled to compensation.

Affirmed on appeal; reversed on cross-appeal.