## ROACH MANUFACTURING COMPANY
### et al *v.* Willadean COLE

79-50                                                        582 S.W. 2d 268

Opinion delivered June 11, 1979
(In Banc)

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellants.

*Gardner & Steinsiek,* for appellee.

GEORGE ROSE SMITH, Justice. In 1976 the General Assembly amended the workers' compensation law to provide that death benefits are payable to persons who were "actually" dependent upon the deceased employee. Ark. Stat. Ann. § 81-1315 (c) (Repl. 1976). In the present case the Commission, construing the amendatory language, held that the appellee, as the widow of her deceased husband, Glenn Cole, was not entitled to death benefits for herself, because she was not actually dependent upon him at the time of his death, but she was entitled to recover benefits for the couple's 10-year-old daughter, Sherri Lyn Cole, because she was actually dependent upon her father at the time of his death. The circuit court affirmed the Commission's decision. An appeal and cross appeal bring both points to this court for review.

The basic facts are not in dispute. Glenn and Willadean Cole were married in 1965. Their daughter was born in 1966. In June, 1975, while the family was living in Rector, Arkansas, Glenn left his wife and child and moved to Memphis, Tennessee, where he married another woman without having divorced his wife. Willadean knew that her husband was in Memphis, but she supported herself and her daughter as best she could and made no attempt to obtain anything from her husband. Glenn was accidentally killed in the course of his employment on May 18, 1976.

The statute defines a widow as "the decedent's legal wife, living with or dependent for support upon him at the time of his death." It defines widower as "the decedent's legal husband who, at the time of her death, was living with and dependent upon her for support and was incapacitated to support himself." It defines a child as "a natural child, a posthumous child, a child legally adopted prior to injury of the employee, a stepchild, an acknowledged illegitimate child

of the deceased or spouse of the deceased, and a foster child, 'Child' shall not include married children, unless wholly dependent upon the deceased." § 81-1302.

Before the 1976 amendment to the statute death benefits were payable to persons who were "wholly dependent" upon the deceased employee. In quoting the 1976 amendment we have italicized the words that were added by the General Assembly:

Subject to the limitations as set out in Section 10 of this Act, compensation for death of an employee shall be paid to those persons who were wholly *and actually* dependent upon him in the following percentage of the average weekly wage of the employee, and in the following order of preference:

First. To the widow if there is no child, thirty-five percent (35%), and such compensation shall be paid until her death or remarriage. *Provided, however, the widow shall establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided herein.*

To the widower, if there is no child, thirty-five percent (35%), and such compensation shall be paid during the continuance of his incapacity or until remarriage. *Provided, however, the widower shall establish, in fact, some dependency upon the deceased employee before he will be entitled to benefits as provided herein.*

Second. To the widow or widower if there is a child, the compensation payable under the First above, and fifteen percent (15%) on account of each child.

Third. To one child, if there is no widow or widower, fifty percent (50%). If more than one child, and there is no widow or widower, fifteen percent (15%) for each child, and in addition thereto, thirty-five percent (35%) to the children as a class, to be divided equally among them. [§ 81-1315 (c).]

As we have said, the statute formerly referred to persons

who were "wholly dependent" upon the decedent, but we did not construe those words literally. The decisive case, which has been followed, is *Chicago Mill & Lumber Co.* v. *Smith*, 228 Ark. 876, 310 S.W. 2d 803 (1958). There the husband, at the time of his death, was not contributing to the support of his wife or children. The Commission disallowed the widow's claim, on the ground that she was not a dependent, but allowed the claim of the children. We held that both the widow and the children were "wholly dependent," upon this reasoning:

> It would be possible to construe this provision of the Act as depriving a widow or child of any compensation when, as here, the husband and father was completely void of any sense of family obligation. But it is a rule that remedial legislation shall be liberally construed. We believe the Legislature used the term "wholly dependent" in the sense of applying to those ordinarily recognized in law as dependents, and this would certainly include wife and children.

We assume — under our settled law we must assume — that the legislature, in deciding to amend the statute, knew the meaning that we had attributed to "wholly dependent." *Williams* v. *Edmondson*, 257 Ark. 837, 250 S.W. 2d 260 (1975). It unavoidably follows that the addition of the word "actually" was intended to change what amounted to a conclusive presumption of dependency under our prior cases. It follows at least that when, as here, the widow and child were not living with the employee at the time of his death, there must be some showing of actual dependency.

We have said, where there is no presumption of dependency, that dependency is a fact question to be determined in the light of surrounding circumstances. *Smith* v. *Farm Service Cooperative*, 244 Ark. 119, 424 S.W. 2d 147 (1968). The fact of dependency is to be determined in the light of prior events and not to be controlled by an unusual temporary situation. *Nolen* v. *Wortz Biscuit Co.*, 210 Ark. 446, 196 S.W. 2d 899 (1946). Larson summarizes the rule applicable under statutes requiring actual dependency: "Proof of bare legal obligation to support, unaccompanied by either actual

support or reasonable expectation of support, is ordinarily not enough to satisfy the requirement of actual dependency." Larson, Workmen's Compensation Law, § 63 (1976).

It was of course the responsibility of the Commission to decide the two issues of fact, as to the wife and as to the child. We find that both the Commission's conclusions are supported by substantial evidence. The question, as we have frequently said, is whether the proof supports the finding that was made, not whether it would have supported the contrary conclusion. *Mosley* v. *El Dorado Sch. Dist.*, 254 Ark. 326, 493 S.W. 2d 427 (1973).

With respect to the wife, she elected to attempt to support herself and made no effort during her husband's 11-month absence preceding his death to enforce whatever legal right to support she may have had. Thus the Commission could find that she failed, in the language of the amended statute, to "establish in fact some dependency" upon her husband at the time of his death. On the other hand, the Commission could also find, with respect to a 10-year-old child who was being supported by her mother, that the same lapse of 11 months without legal action on the mother's part did not demonstrate, in Larson's language, that there was no longer any "reasonable expectation of support" on the part of the father. The child was not able to act for herself. Her necessary expenses would naturally increase as she grew older, with the concurrent possibility that her mother would not be able to maintain the child in "her accustomed mode of living," as we expressed it in *Smith* v. *Farm Service Cooperative, supra.* Thus a reasonable expectation of future support could be found.

Affirmed.