DOYLE'S CONCRETE FINISHERS, et al *v.* Jo Ellen MOPPIN, Guardian, et al

CA 79-41                                    596 S.W. 2d 1

Opinion delivered December 12, 1979
Affirmed by Supreme Court March 3, 1980
Released for publication March 26, 1980

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellants.

*W. Q. Hall,* for appellees.

M. Steele Hays, Judge. This is a Workers' Compensation case. The single issue presented is: whether a minor child of a deceased worker, whose death is the result of a work related injury, is entitled to the maximum compensation rate under the Workers' Compensation Act as a matter of law, or entitled only to the extent to which the minor child is actually dependent upon the deceased parent.

The facts are not in dispute: James H. Moppin and Jo Ellen married in 1967 and had one child, Brad Moppin, aged six years. In February of 1976 they were divorced and child support of $108 per month was ordered in the decree. In July of 1976, James Moppin was killed, and a claim for benefits under the Workers' Compensation Act was filed by Jo Ellen Moppin on behalf of Brad Moppin.

The contention of claimant was that Brad Moppin was entitled to the maximum benefits ($77 per week) as a matter of law. Respondent contends that claimant was entitled to no more than $108 per month on behalf of her minor son, that being the amount of child support decreed in the Moppin divorce case.

In the hearing below, claimant elected to stand on the contention of entitlement to the maximum benefits as a matter of law and offered no proof of dependency of the minor child. Respondent called Mrs. Moppin to the stand, and some information regarding her social security benefits, employment history, health, wage levels and earnings was provided. Mrs. Moppin testified that Mr. Moppin had, at different times, provided clothes, gifts, and some food and baby sitting in addition to the child support, and that he had given her money, paid medical expenses and had provided a horse to Brad and paid the expenses. By stipulation her 1975 & 1976 federal income tax returns were added to the record. Relying on the opinion of the Workers' Compensation Commission in the case of Cole v. Roach Manufacturing Company, W.C.C. No. C607399, filed on September 18, 1978, the Administrative Law Judge held that as a matter of law the dependent minor was entitled to the maximum benefits under the Act. The Full Commission affirmed in an opinion filed on June 28, 1979, and although it refrained from

couching the award of maximum benefits "as a matter of law" that conclusion is inescapable for the reason that it affirmed the decision of Administrative Law Judge "in its entirety." Respondent appeals to this court, alleging that the Commission erred in deciding that a minor child is dependent upon a deceased parent as a matter of law and not subject to the partial dependency provisions of the Workers' Compensation Act.

The dependency provision of the Act appears in Ark. Stat. Ann. § 81-1315. Prior to the adoption of Act 1227, Extended Session of 1976, the benefits were payable to persons "wholly dependent" upon the deceased employee. The statute reads as follows with the 1976 changes appearing in capital letters:

(c) [Beneficiaries—Amounts.] Subject to the limitations as set out in Section 10 [§ 81-1310] of this Act, compensation for the death of an employer shall be paid to those persons who were wholly AND ACTUALLY dependent upon him in the following percentage of the average weekly wage of the employee, and in the following order of preference:

First. The widow if there is no child, thirty-five per cent (35%), and such compensation shall be paid until her death or remarriage. PROVIDED, HOWEVER, THE WIDOW SHALL ESTABLISH, IN FACT, SOME DEPENDENCY UPON THE DECEASED EMPLOYEE BEFORE SHE WILL BE ENTITLED TO BENEFITS AS PROVIDED HEREIN.

To the widower if there is no child, thirty-five per cent (35%), and such compensation shall be paid during the continuance of his incapacity or until remarriage. PROVIDED, HOWEVER, THE WIDOWER SHALL ESTABLISH, IN FACT, SOME DEPENDENCY UPON THE DECEASED EMPLOYEE BEFORE HE WILL BE ENTITLED TO BENEFITS AS PROVIDED HEREIN.

Second. To the widow or widower if there is a child, the

compensation payable under the First above, and fifteen per cent (15%) on account of each child.

Third. To one child, if there is no widow or widower, fifty per cent (50%). If more than one child and there is no widow or widower, fifteen per cent (15%) for each child, and in addition thereto, thirty-five per cent (35%) to the children as a class, to be divided equally among them.

Appellee relies largely on two decisions dealing with the cited section of the Act: *Holland Construction Company* v. *Sullivan*, 220 Ark. 895 (1952) and *Chicago Mill and Lumber Company* v. *Smith*, 228 Ark. 876 (1958). These decisions support the point the appellee asks us to uphold. In *Holland* a claim for benefits was brought on behalf of a minor son of a deceased father, whose death occurred after the minor son had been legally adopted by other parents. The deceased worker had been contributing nothing whatever to the minor. The Commission held that the minor was not entitled to any compensation based on a finding of fact that actual dependency did not exist at the time of death and concluded as a matter of law legal dependency did not exist at the time of death. The Circuit Court reversed the Commission as to the question of dependency as a matter of law, leaving undisturbed the finding of fact regarding actual dependency.

The circuit court's award of compensation was affirmed by the Arkansas Supreme Court and, thus, compensation was allowed a minor child adopted by other persons, not actually dependent upon the decedent. It seems inescapable that had the partial dependency section been applied to this factual situation the result would have been a determination of entitlement as a matter of law, but with the result that nothing was actually due under the language of the partial dependency provision.

In *Chicago Mill and Lumber Company* v. *Smith, supra,* a somewhat similar result was reached in that the decedent was contributing nothing to his widow, minor step child, minor natural child (by a previous marriage) and minor il-

legitimate child. Compensation was awarded to the three children by the Commission but not to the widow on the theory that she was not actually dependent. The Circuit Court affirmed. The employer appealed the allowance to the children, and the widow cross-appealed the denial of benefits to her. The Arkansas Supreme Court held that the widow as well as the children were entitled to compensation and affirmed as to the children and reversed as to the widow, saying:

> It would be possible to construe this provision of the Act [81-1315(c)] as depriving a widow or child of any compensation when, as here, the husband and father was completely void of any sense of his family obligation. But it is a rule that remedial legislation shall be liberally construed. We believe the legislature used the term "wholly dependent" in the sense of applying to those ordinarily recognized in law as dependents, and this would certainly include wife and children.

Hence, in the *Chicago Mill* case, as in the *Holland* case, minor children who were neither wholly nor actually dependent upon a deceased parent were held entitled to compensation, and clearly the benefits to which they were found to be entitled could not have come under the partial dependency provision, for the reasons stated.

This leads us to a consideration of the case of *Roach Manufacturing Company* v. *Cole,* 265 Ark. 607 (1979), on which the appellant must find footing for the position that the partial dependency provision applies.

We agree with appellant that under the language employed in the *Roach* case [and, for that matter, in a number of decisions by way of dictum prior to *Roach: Kelley* v. *Southern Pulpwood Company,* 239 Ark. 1074 (1965); *Sherwin-Williams Company* v. *Yeager,* 219 Ark. 20 (1951); *Smith* v. *Farm Service Cooperative,* 244 Ark. 119 (1968)], dependency is a question of fact rather than of law. Nor is it simply a matter of semantics, for appellant argues that the issue is one of fact, and it follows that the partial dependency provision of the Act, *supra,* applies. If there is support for this

argument, it must be found in the *Roach* decision, for, as we have stated, the rule prior to *Roach* was clearly contrary to what appellant argues. (See: *Holland, supra* and *Chicago Mills, supra.*) But the issue can not be resolved that simply, for the reason that *Roach* does not provide the answer. In *Roach,* while the court clearly states the issue of dependency to be one of *fact,* the *holding* of the case itself affirms the Commission's award of maximum benefit to a dependent minor who was receiving nothing from the deceased parent — it did so on a finding that there was substantial evidence to support the Commission's award of maximum benefits to the minor child, who was found to be "wholly and actually" dependent upon the decedent. Thus, in the case before us, a much stronger argument for "actual dependency" exists, inasmuch as the decedent was contributing at least $108 per month under the decree of divorce plus whatever value might be placed upon the additional contributions he was making.

Appellant's argument has the force of logic, as it would seem the reasoning in *Roach* leaves it irrefutable that the partial dependency provision must apply whenever a dependent is not totally supported by the deceased parent. But to reach this result would mean doing two things: (1) giving greater effect to the *Roach* decision than it gave its own result, and (2) concluding that the legislature, by adding the words "and actually," intended to alter the interpretation of § 81-1315 (c) as to minor dependents, that has prevailed since the inception of the Act, and thereby make a distinction between minor dependents residing with their parents as opposed to those who were not. This would read into the wording of Act 1227 an intent to place minor dependents not residing with the decedent under partial dependency provision. If that were the case, a very drastic change would come about, at least potentially, because the modest amount now provided under § 81-1315 (c), would be lessened substantially. The case before us provides the illustration: under § 81-1315 (c), Brad Moppin, would receive $77 per week, but under the partial dependency section, he would receive (we can only estimate as there are no findings in the record) something approximating one fourth of that amount. The impact of this result on dependent children of deceased

workers who are either divorced or merely separated at time of death is such that we are not willing for that end to come about simply by taking what might be said to be the logical follow-through of the *Roach* decision, particularly where we think that such a result is clearly not supported by either the legislative intent behind Act 1227 or consistent with the result as reached in the *Roach* decision.

We think it is entirely conceivable that in certain instances a minor child, whether residing with the parent or elsewhere, may have independent resources and therefore capable of being non-dependent upon a deceased parent for purposes of Workers' Compensation benefits, and it follows, therefore, that we may depart from the dependency as a matter of law standard and award compensation where the expectation and the need are real or "actual". It is said to be the "great weight of authority" that dependency is a question of fact as opposed to a question of law. *Wilson* v. *Hill*, 71 A. 2d 425 (Del. 1950); *Koepel* v. *E. I. Du Pont de Nemours and Company*, 183 A. 516.

It is clear that the court in *Roach* interpreted the language of Act 1227 as reflecting an intent by the legislature to require evidence of actual dependency by both a widow and a minor child, citing *Williams* v. *Edmondson*, 257 Ark. 837 (1975). But the court also made an important distinction as between the two (where neither was receiving any actual support) and that distinction is that a minor child continues to have an *expectancy of future support* which the court found lacking as respects the widow. The end result is this: in *Roach*, a minor child who was receiving no actual support at the time of injury was awarded maximum benefits under § 81-1315 (c) because of her expectancy of future support; in the light of that interpretation we are unwilling to say that a minor *actually dependent* and receiving support from the decedent is entitled to less than the benefits provided in § 81-1315 (c). Any other result would not be in keeping with the liberal and benevolent spirit of the Workers' Compensation Act. *Triebsch* v. *Athletic Mining and Smelting Company*, 218 Ark. 379 (1951); *Batesville White Lime Company* v. *Bell*, 212 Ark. 23 (1947).

We conclude that the decision of the Commission af-

firming the Administrative Law Judge's finding that the minor child of James H. Moppin should be affirmed, but such decision is modified by eliminating the words "as a matter of law", the award being on the basis of substantial evidence that Brad Moppin was actually dependent upon the decedent at the time of death.

Affirmed as modified.