Shea HOSKINS *v.* ROGERS COLD STORAGE

CA 95-187                                916 S.W.2d 136

Court of Appeals of Arkansas
Division II
Opinion delivered March 6, 1996

*Robert S. Blatt* and *Timothy C. Sharum*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Robert L. Henry III* and *Christopher Gomlicker*, for appellee.

WENDELL L. GRIFFEN, Judge. Shea Hoskins, stepdaughter of Leonard Jack Slate (deceased), has appealed the November 28, 1994, decision by the Workers' Compensation Commission denying her claim for dependency benefits due to Slate's work-related death on March 30, 1984. Her appeal presents the question whether the Commission's determination that appellant was not wholly and actually dependent upon Slate at the time of his death is supported by substantial evidence. Because we find substantial evidence supporting the result reached by the Commission, we affirm its decision.

Slate suffered a compensable injury resulting in his death on March 30, 1984. Appellant and her mother lived with Slate at the time of his death, and had lived with him for almost a year and a half, after appellant's mother separated from John Hoskins, her husband and appellant's father. On March 28, 1984, two days before Slate's death, appellant's mother obtained a divorce from John Hoskins, and then married Slate.

After Slate's death, Fireman's Fund Insurance Company, the workers' compensation insurance carrier for his employer, began paying death benefits to his widow (appellant's mother), and to his two children from a previous marriage. Dependency benefits were later paid to Cody Jack Slate, a child Slate fathered with appellant's mother but who was not born until after Slate died. No benefits were ever paid to appellant. Her

mother contended that she did not learn that appellant may have been entitled to dependency benefits until nine years after Slate died. Appellant's father had been ordered to pay child support in the divorce decree entered on March 28, 1994, and did so for a period of time after the divorce. However, appellant and her mother testified that Leonard Jack Slate was her sole support for most of the time that appellant lived in Slate's home with her mother before he died. Appellant's father paid child support sporadically after the divorce, and later became disabled. Appellant received social security benefits based upon her father's disability, but argues that Slate was her sole support on March 30, 1984, when he died. An administrative law judge awarded dependency benefits to appellant after finding that she was wholly and actually dependent upon Slate at the time of his death. That decision was reversed by the Commission, and this appeal followed.

■ Appellant contends that the Commission erred when it found she was not wholly and actually dependent upon Slate. That contention requires that we determine whether there is substantial evidence to support the finding. In doing so, we are duty-bound to view the evidence in the light most favorable to the result reached by the Commission, resolving all doubtful inferences in favor of its findings. Our role is not to review the record *de novo*, or to weigh the evidence presented to the Commission. Instead, our responsibility is to review the record and decide whether there is evidence that could have led fair-minded persons to reach the same result. If so, our duty is to affirm the Commission. *Bradley* v. *Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995); *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 42 Ark. App. 168, 856 S.W.2d 30 (1993).

■■ Arkansas Code Annotated § 11-9-527(c) (1987) provides that compensation for the death of an employee shall be paid to the persons who were wholly and actually dependent upon him. Subsection (h) states that all questions of dependency shall be determined as of the time of the compensable injury. Arkansas Code Annotated § 11-9-102 (10) (1987) contains the statutory definition of "child" applicable to dependency determinations in workers' compensation cases such as this, and states:

"Child" means a natural child, a posthumous child, a

child legally adopted prior to injury of the employee, a stepchild, an acknowledged illegitimate child of the deceased or spouse of the deceased, and a foster child. . . .

The parties do not dispute that appellant was the stepchild of Leonard Jack Slate when he died. Their disagreement involves whether appellant was wholly and actually dependent upon Slate when he died so as to be entitled to dependency benefits pursuant to § 11-9-527 (c). Appellant argues that, through her testimony and that from her mother, she proved that she was wholly and actually dependent upon Slate, that Slate provided for her total support at the time of his death, and that he had done so for more than a year beforehand. Appellant also presented proof that her natural father provided no support during that time span. There was proof that although the divorce decree, issued two days before Slate's death, contained an order directing appellant's natural father to pay child support, he failed to do so consistently, and eventually became disabled some time after Slate died. Appellee maintains that appellant was not wholly and actually dependent upon Slate because her natural father had been ordered to pay child support for her at the time that Slate died, even though her father had not done so before that time.

Before our Workers' Compensation Law was amended in 1976 to provide that death benefits are payable to persons who are "actually" dependent upon a deceased employee, persons claiming entitlement to those benefits could prevail by showing that they were "wholly" dependent. But the Arkansas General Assembly amended the law in 1976 to require proof that a claimant to death benefits is "wholly and actually dependent." Court decisions after the amendment was enacted reflect the different result that it produced. The pre-1976 judicial interpretation of the statutory requirement that one be "wholly dependent" resulted in benefits being awarded to a widow whose deceased husband provided no support to her or their children at the time of his death based on the view that the term "wholly dependent" was intended to be understood in its figurative, rather than literal, sense. *Chicago Mill & Luber Co.* v. *Smith*, 228 Ark. 876, 310 S.W.2d 803 (1958). By contrast, after the General Assembly amended the law to require proof that a claimant to death benefits was "wholly and actually dependent"

upon the deceased employee, the denial of benefits was upheld in the case of a widow whose husband left her and moved to another city, married another woman without obtaining a divorce, and provided no support to her before he was accidentally killed in the course of his employment. *Roach Mfg. Co.* v. *Cole*, 265 Ark. 908, 582 S.W.2d 268 (1979). The rationale stated by Justice George Rose Smith in the *Roach* case for affirming the Commission's decision to deny benefits was that the wife made no effort to enforce whatever right to legal support she had during the eleven months of her husband's absence before his death, and that she had attempted to support herself. Yet, the Supreme Court in *Roach* affirmed the Commission's decision granting death benefits to the minor child of the deceased worker. In doing so, it reasoned that the eleven-month absence of action by the mother to enforce the child's right to support from her father did not demonstrate absence of a "reasonable expectation of support," because the child was unable to act for herself, and would incur increased necessary expenses as she matured that her mother possibly would be unable to meet to maintain her standard of living. *Id.*, at 265 Ark. 914.

In *Doyle Concrete Finishers* v. *Moppin*, 267 Ark. 874, 596 S.W.2d 1 (Ark. App. 1979), our court affirmed and modified a decision by the Commission that awarded death benefits to the minor child of a deceased worker who was not living with his father when the father died. The worker had been divorced from his wife and had been ordered to pay child support in the divorce decree. A claim for death benefits was made for the child, but the employer contended that the child's death benefit should not have been more than the amount of the child support decreed in the divorce decree ($108 per month), rather than the $77 per week maximum benefit then prescribed by law. Our court affirmed the Commission's decision awarding the maximum benefit, but modified the award because the Commission had concluded that the child was entitled to the maximum benefit "as a matter of law." There was proof in the record that the child's father had provided child support pursuant to the decree plus other forms of support to the child before he died. Noting that a minor child may have independent resources and, therefore, be capable of being non-dependent upon a deceased parent for purposes of workers' compensation benefits, Judge Steele Hays,

writing for the court in *Doyle Concrete Finishers*, rejected the dependency "as a matter of law" standard, and indicated that death benefits may nevertheless be entitled where the expectation and need for support are real or actual. *Id.*, at 267 Ark. 881. Because the court in that case concluded that the *Roach* holding demonstrates that "a minor child continues to have an expectancy of future support," it refused to conclude that a minor who was actually dependent and receiving support was entitled to less than full benefits.

■ The foregoing authorities show that before death benefits are payable to persons enumerated in the Workers' Compensation Law to receive them, there must be proof that the claimant was "wholly and actually dependent" upon the deceased worker at the time of the compensable death. Ark. Code Ann. § 11-9-527(c). Dependency may be established by evidence that the decedent actually provided support, as shown by the holding in *Doyle Concrete Finishers*. The dependency requirement can also be met by proof of actual need for support, and a reasonable expectancy of future support even if no actual support may have been provided the claimant when the decedent died, as demonstrated by the *Roach* holding. In any event, dependency is an issue of fact rather than a question of law, and the issue is to be resolved based upon the facts present at the time of the compensable injury. Ark. Code Ann. § 11-9-527(h).

■ In view of these principles, we believe that the Commission's decision to deny the claim for death benefits to appellant is supported by substantial evidence. It is true that appellant and her mother testified that the decedent provided actual support to appellant from the time shortly after she and her mother began living with him until his death more than a year later. There was also proof that appellant's natural father failed to provide support for her during that time span. Nevertheless, the Commission also received evidence that appellant was entitled to receive child support payments from her natural father pursuant to the terms of her parent's divorce decree that had been entered only two days before the decedent's death. This indicates that appellant had a reasonable expectancy of support from her natural father when the decedent died. But, that is not the critical inquiry. The issue is whether appellant had a reasonable expectancy of support from the decedent. She was his stepchild, to be

sure, and she had enjoyed his support before he married her mother. There was no reason, however, to expect that the decedent was obligated to support appellant at any time. In fact, appellant's mother demonstrated as much by her conduct in seeking child support payments from appellant's father in her divorce. The Commission was entitled to consider this in reaching its decision that appellant was not "wholly and actually dependent" upon the decedent.

Our result in this case should not be interpreted to mean that a stepchild may never recover death benefits following the death of her stepparent as a matter of law. The holding in *Doyle Concrete Finishers* shows that dependency is not a question of law, but a fact issue to be determined by the circumstances existing when the compensable injury occurs. It is based on proof of either actual support from the decedent, as was shown in that case, or a showing of a reasonable expectation of support, as was shown in *Roach*. Our decision does not address whether a stepchild may always, or never, have a reasonable expectation of support from a deceased worker where there is evidence that she is being actually supported by her natural parent, or where she has a right to expect support from the natural parent even if it is not actually provided. Each case will turn on its facts. On the facts presented in this case, however, we are unable to conclude that fair-minded persons presented with the same evidence could not have reached the conclusion that the Commission made, namely, that appellant was not "wholly and actually dependent" upon Leonard Jack Slate when he died.

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.