**DEATH & PERMANENT TOTAL DISABILITY TRUST FUND, Buster Roberts Logging, American Interstate Insurance Company, Appellants,**

v.

**Francisca Guevara RODRIGUEZ, Lavona Kay Haury, Estate of Modesto Sustaita Herrera, Appellees.**

No. CA 08–842.

Court of Appeals of Arkansas.

Feb. 11, 2009.

David L. Pake, Little Rock, for appellant Total Disability Trust Fund.

Guy Davis, Little Rock, for appellee.

WAYMOND M. BROWN, Judge.

■ Modesto Sustaita Herrera was involved in a fatal workplace accident on December 9, 2004. He was survived by two "wives" and four children, three of whom were minors at the time of his death. By opinion dated April 22, 2008, the Workers' Compensation Commission found that the minor children, all alien nonresidents, were entitled to survivor benefits. The Death and Permanent Total Disability Trust Fund ("Trust Fund") appeals from that finding, contending that the children were not dependent on the decedent and that they were barred from receiving benefits under Ark.Code Ann. § 11–9–111(a) (Repl.2002). We affirm.[1]

1. Counsel for the minor children challenges the constitutionality of Ark.Code Ann. § 11–9–111. However, no cross-appeal was filed on this issue. Accordingly, the constitutionality of the statute is not properly before us. *See*

*Factual and Procedural History*

Evidence presented at a hearing before an administrative law judge (ALJ) shows that the decedent, a Mexican citizen, married Francisca Guevara Rodriguez in Mexico in 1986. The couple had four children, three of whom (Eber Sustaita Guevara, Marlen Sustaita Guevara, and Erendria Magaly Sustaita Guevara) were minors at the time of the decedent's death. The decedent entered the United States illegally in June 1996 to work and provide for his family. The decedent sent the family $100 per month, but the payments slowed and eventually stopped in July or August 2003. Rodriguez explained that she last saw him in 1996, but that she could not divorce him because Mexican law had no process to get a divorce when a husband abandons a wife. She had little hope that the decedent would return to her. The decedent married Lavona Kay Haury under the name "Francisco Javier Sustaita" in June 2000. He later obtained employment from Buster Roberts Logging under the name "Cresentiano Lerma Pina" a little over a year before suffering a fatal workplace accident in December 2004. Haury received death benefits for five weeks, but payments ceased when the dispute arose over the decedent's identity.

After concluding that the decedent was indeed Modesto Sustaita Herrera, the ALJ found that Rodriguez was the decedent's legal wife, but that she was not entitled to survivor benefits because she was not actually dependent upon the decedent. However, the ALJ awarded benefits to the minor children, finding that the children "by virtue of their age were entitled to an expectation of support sufficient to estab-

*Hoffman v. Gregory*, 361 Ark. 73, 204 S.W.3d 541 (2005) (stating that a notice of cross-appeal is required when an appellee seeks affirmative relief not granted below).

lish that they were wholly and actually dependent on their father at the time of his accident...." The Commission affirmed and adopted the opinion of the ALJ. Furthermore, it considered the provisions of Ark.Code Ann. § 11–9–111(a) and found that the statute did not bar the minor children from receiving survivor benefits. An appeal to this court followed.

## Analysis

The sole issue here is whether the decedent's minor children were entitled to survivor benefits. In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's decision and affirm if that decision is supported by substantial evidence. *Smith v. City of Ft. Smith,* 84 Ark.App. 430, 143 S.W.3d 593 (2004). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Williams v. Prostaff Temps.,* 336 Ark. 510, 988 S.W.2d 1 (1999). The issue is not whether the reviewing court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, we must affirm the decision. *Minnesota Mining & Mfg. v. Baker,* 337 Ark. 94, 989 S.W.2d 151 (1999).

Arkansas Code Annotated section 11–9–527(c) (Repl.2002) outlines the benefits to be paid to the family of a worker who dies in the course and scope of his employment. The statute mandates that compensation "be paid to those persons who were wholly and actually dependent upon the deceased employee." Dependency is a fact question to be determined in light of the surrounding circumstances. *Fordyce Concrete v. Garth,* 84 Ark.App. 256, 139 S.W.3d 154 (2003). "Actual dependency" does not require a

finding of total dependency; it may be established by showing either actual dependency or a reasonable expectancy of future support, even if no actual support has been provided. *Hoskins v. Rogers Cold Storage,* 52 Ark.App. 219, 916 S.W.2d 136 (1996); *Pinecrest Mem. Park v. Miller,* 7 Ark.App. 185, 646 S.W.2d 33 (1983). The question of dependency is determined as of the time of the decedent's injury. Ark.Code Ann. § 11–9–527(h); *Hoskins, supra.*

In finding that the minor children were entitled to benefits, the ALJ relied upon *Roach Manufacturing Co. v. Cole,* 265 Ark. 908, 582 S.W.2d 268 (1979). There, the decedent married his wife in 1965, and the couple had a child together the following year. In 1975, the decedent left the family and moved to Memphis, where he married another woman without divorcing his first wife. The first wife did what she could to support the couple's daughter without seeking support from the decedent, who died in a workplace accident in May 1976. The supreme court affirmed the Commission's decision that the first wife was not entitled to benefits, based upon the wife's failure to establish dependency. However, it also affirmed the award of benefits to the decedent's daughter. In doing so, it quoted from Professor Larson's famous treatise: "Proof of bare legal obligation to support, unaccompanied by either actual support or reasonable expectation of support, is ordinarily not enough to satisfy the requirement of actual dependency." *Id.* at 912–13, 582 S.W.2d at 270–71 (quoting Larson, *Workmen's Compensation Law,* § 63 (1976)). However, in affirming the award of benefits to the daughter, the court wrote:

> On the other hand, the Commission could also find, with respect to a 10–year–old child who was being supported by her mother, that the same lapse of 11

months without legal action on the mother's part did not demonstrate, in Larson's language, that there was no longer any "reasonable expectation of support" on the part of the father. The child was not able to act for herself. Her necessary expenses would naturally increase as she grew older, with the concurrent possibility that her mother would not be able to maintain the child in "her accustomed mode of living," as we expressed it in *Smith v. Farm Service Cooperative,* [244 Ark. 119, 424 S.W.2d 147 (1968)]. Thus a reasonable expectation of future support could be found.

*Id.* at 913, 582 S.W.2d at 271; *see also Lawhon Farm Servs. v. Brown,* 335 Ark. 272, 984 S.W.2d 1 (1998) (affirming an award of dependency benefits despite the children not receiving formal child support).

■ The Trust Fund asserts that *Roach Manufacturing* is inapplicable to this case for three reasons. First, it argues that *Roach Manufacturing* predates Act 793 of 1993, which substantially altered portions of the workers' compensation code. The Trust Fund correctly states that the law now requires the Commission and reviewing courts to construe the provisions of the workers' compensation code strictly. *See* Ark.Code Ann. § 11–9–704(c)(3) (Repl. 2002). However, our supreme court has expressly held that prior case law dealing with dependency benefits was not in conflict with the Act and, therefore, was still controlling. *See Lawhon Farm Servs., supra.*

Second, the Trust Fund states that, when *Roach Manufacturing* was decided, claimants were given the benefit of the doubt in workers' compensation cases. They correctly state that the law today requires the Commission to weigh the evidence without giving the benefit of the doubt to any party. *See* Ark.Code Ann.

§ 11–9–704(c)(4). However, nothing in the *Roach Manufacturing* decision required the Commission to be partial to either party.

■ Finally, the Trust Fund contends that *Roach Manufacturing* does not support the conclusion that the natural children of deceased employees are always automatically entitled to benefits as a matter of law. The Trust Fund is correct in this regard, as there must always be proof of actual dependency before a person is entitled to dependency benefits. *See Bankston v. Prime West Corp.,* 271 Ark. 727, 610 S.W.2d 586 (Ark.App.1981) (citing *Roach Manufacturing,* but holding that it was distinguishable because the minor child had always received support from another person and at no time received support from the decedent). However, the record contains ample evidence that there was a reasonable expectation of support, despite the mother's testimony that she never expected to see the decedent again. Similar to *Roach Manufacturing,* the decedent here provided for his family until 2003, when he abandoned them for his new "wife," and the children, by virtue of their ages, could not have been expected to pursue support on their own. The record supports the Commission's finding that the decedent's minor children were wholly and actually dependent upon decedent.

■ The Trust Fund also argues that the minor children were barred from receiving benefits under the provisions of Ark.Code Ann. § 11–9–111(a). That statute provides:

Compensation to alien nonresidents of the United States or Canada shall be the same in amount as provided for residents, except that alien nonresident dependents in any foreign country shall be limited to the surviving wife or children or, if there is no surviving wife or chil-

dren, to the surviving father or mother whom the employee has supported, either wholly or in part, for the period of one (1) year prior to the date of the injury.

The Trust Fund argues that the statute limits the class of beneficiaries of alien nonresidents to the surviving wife, his children, and his parents, and that the statute bars them from receiving benefits unless the decedent supported them for the one-year period prior to his death.

 To address the Trust Fund's argument, we must construe the meaning of the statute. We review issues of statutory construction de novo, as it is for this court to decide what a statute means. *Johnson v. Bonds Fertilizer, Inc.*, 365 Ark. 133, 226 S.W.3d 753 (2006). As mentioned previously, the provisions of the workers' compensation act are to be construed strictly. *See* Ark.Code Ann. § 11–9–704(c)(3). Strict construction requires that nothing be taken as intended that is not clearly expressed, and its doctrine is to use the plain meaning of the language employed. *American Standard Travelers Indem. Co. v. Post*, 78 Ark.App. 79, 77 S.W.3d 554 (2002). The basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the legislature. *Teasley v. Hermann Companies, Inc.*, 92 Ark.App. 40, 211 S.W.3d 40 (2005). Statutes are to be construed such that no word is left void, superfluous, or insignificant. *Estate of Slaughter v. City of Hampton*, 102 Ark. App. 373, 285 S.W.3d 669 (2008). When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Baker Refrigeration Systems, Inc. v.*

*Weiss*, 360 Ark. 388, 201 S.W.3d 900 (2005).

The Trust Fund argues that the General Assembly intended to create two separate and distinct burdens of proof for resident and nonresident alien beneficiaries when it enacted §§ 11–9–111 and 11–9–527. It further contends that the phrase "supported, either wholly or in part, for the period of one (1) year prior to the date of the injury" must necessarily apply to the surviving wife or children. Otherwise, it claims, a surviving wife or child would have to present no proof of dependency at all, which would be an absurd result. We disagree.

Section 11–9–111(a) ensures that residents and nonresidents receive equal compensation and limits the class of alien nonresident dependents. Nothing in § 11–9–527 excludes alien nonresidents from receiving benefits, and nothing in § 11–9–111 renders the provisions of § 11–9–527 inapplicable except to the extent that certain beneficiaries are excluded. Alien nonresident dependents must still meet the requirements set forth in § 11–9–527 to receive dependency benefits.

We also reject the Trust Fund's interpretation that the phrase "supported … for the period of one (1) year prior to the date of the injury" applies to the surviving wife or children. It is apparent from the statute that it is written disjunctively. Dependents include the surviving wife and children, or, if that class of persons does not exist, then to the surviving mother or father "whom the employee has supported." The Trust Fund's interpretation would also bar from benefits those alien nonresident spouses who were married for less than one year and alien nonresident children who were less than one year old. We doubt that the General Assembly intended such a result. The interpretation that makes more sense is that the one-year

clause only applies to the surviving father and mother.

The Commission did not err in finding that the minor children had a reasonable expectation of support from the decedent or that the minor children were not barred by § 11–9–111 from receiving benefits. Therefore, we affirm.

Affirmed.

PITTMAN and HART, JJ., agree.