

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-730

| | |
|---|---|
| DEATH & PERMANENT TOTAL DISABILITY TRUST FUND<br>APPELLANT | **Opinion Delivered** February 12, 2014 |
| V. | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G206448] |
| ANDREW MYERS, DECEASED, SAMANTHA MYERS, DIXIELAND GIN REPAIR, INC., ZURICH AMERICAN INSURANCE COMPANY, and HAELY MORRIS<br>APPELLEES | AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

**DAVID M. GLOVER, Judge**

This is a death case from the Arkansas Workers' Compensation Commission. Andrew Myers was killed in a work-related accident. The Administrative Law Judge (ALJ) determined that Myers's three stepchildren were dependent for purposes of receiving workers' compensation death benefits. The Commission affirmed and adopted the ALJ's opinion. The Death & Permanent Total Disability Trust Fund (the "Fund") appeals, arguing that the Commission erred in finding that the three stepchildren were wholly and actually dependent on Myers at the time of his death. The Fund further argues that the Commission erred in giving preference to Myers's widow in the division of weekly death benefits. We affirm the Commission's finding that the stepchildren were Myers's dependents for purposes of receiving

SLIP OPINION

workers' compensation death benefits; however, we reverse and remand to the Commission with regard to the division of benefits.

Typically, on appeal to our court, we review only the decision of the Commission, not that of the ALJ. *Queen v. Nortel Networks, Inc.*, 2012 Ark. App. 188, at 3. However, when the Commission affirms and adopts the ALJ's opinion, thereby making the findings and conclusions of the ALJ the Commission's findings and conclusions, our court considers both the ALJ's opinion and the Commission's opinion. *Id.*

*Dependency of Stepchildren*

The Fund first argues that the Commission erred as a matter of law and fact in finding that Myers's three stepchildren were wholly and actually dependent upon him at the time of his injury and death and thereby eligible to receive death benefits under Arkansas Code Annotated section 11-9-527(c) (Repl. 2012). Our court reviews the Commission's findings of fact in the light most favorable to the Commission's decision and will affirm if the decision is supported by substantial evidence. *Hicks v. Bates*, 104 Ark. App. 348, 292 S.W.3d 850 (2009). Substantial evidence is that evidence a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether our court might have reached a different conclusion—if reasonable minds could reach the Commission's result, our court must affirm. *Id.* The Commission's decision will not be reversed unless the appellate court is convinced that fair-minded persons presented with the same facts could not have arrived at the Commission's decision. *Id.* Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Cedar*

*Chem. Co. v. Knight*, 372 Ark. 233, 273 S.W.3d 473 (2008).

Under our state's workers' compensation statutes, "child" is defined as "a natural child, a posthumous child, a child legally adopted prior to injury of the employee, a stepchild, an acknowledged illegitimate child of the deceased or of the spouse of the deceased, and a foster child." Ark. Code Ann. § 11-9-102(2) (Repl. 2012). The question of dependency is determined at the time of the decedent's injury, Arkansas Code Annotated section 11-9-527(h), and it is an issue of fact rather than a question of law. *Estate of Slaughter v. City of Hampton*, 102 Ark. App. 373, 285 S.W.3d 669 (2008). "Actually dependent" does not require total dependency—it only requires a showing of actual support or a reasonable expectation of support. *Hicks v. Bates*, *supra*.

In *Lawhon Farm Services v. Brown*, 335 Ark. 272, 280, 984 S.W.2d 1, 5 (1998), our supreme court discussed the history of Arkansas Code Annotated section 11-9-527:

> The history of § 11-9-527 and the record of our interpretation of it are helpful. Originally, the term "wholly dependent" was construed to refer to those ordinarily recognized in law as dependents. A conclusive presumption thus arose to the effect that a wife or child of a deceased employee who was killed in the course and scope of his employment was a dependent for purposes of the statute. *See Chicago Mill & Timber Co. v. Smith*, 228 Ark. 876, 310 S.W.2d 803 (1958). In 1976, the General Assembly amended § 11-9-527 to provide that a widow or widower shall establish "actual" dependency before she or he will be entitled to benefits. We interpreted that change as eliminating the conclusive presumption and requiring a widow to establish facts showing dependency upon the decedent before being entitled to benefits. *Roach Mfg. Co. v. Cole*, 265 Ark. 908, 582 S.W.2d 268 (1979). We held that dependency was to be determined in light of the surrounding circumstances, citing *Smith v. Farm Service Coop.*, 244 Ark. 119, 424 S.W.2d 147 (1968), and in light of prior events and not controlled by an unusual, temporary situation, citing *Nolen v. Wortz Biscuit Co.*, 210 Ark. 446, 196 S.W.2d 899 (1946).

In *Lawhon*, the appellants urged the supreme court to define "wholly" as "in entirety; fully;

... to the whole extent; totally; entirely; completely; thoroughly;" and "to the exclusion of other things, solely." 335 Ark. at 279, 984 S.W.2d at 4. Our supreme court declined to adopt this narrow interpretation, holding that a minor child would never be entitled to death benefits if the parents were divorced and the child received any support from the surviving parent, thus leading to an absurd result.

In the present case, Myers was married to Samantha Myers for almost two years before his death. All three of Samantha's children lived with them during the marriage, and Myers paid child support for his two biological children who did not live with them. Although Samantha received child support from the three biological fathers of her children, she testified that the child support did not meet all of the children's needs and that she used Andrew's paycheck to help provide for her children's needs. During the marriage, Samantha did not work, and at times when Andrew was not working, he drew unemployment benefits. The family also received Medicaid and food stamps, as well as Pell grants, which were used to pay college expenses for Samantha and Andrew, with anything left over going to living expenses. In her deposition, which was introduced as an exhibit at the hearing, Haely Morris, Andrew's ex-wife and the mother of his two biological children, attempted to waive her two children's rights to any death benefits, explaining that her children received Social Security benefits due to Andrew's death that met their needs and that it would be "more fair" to award the death benefits to Samantha and her children because they needed and deserved them more than her children did.[1]

---

[1]Morris was not allowed to waive her children's rights to death benefits.

SLIP OPINION

The ALJ found that it was undisputed that Andrew actually supported Samantha and his three stepchildren during the marriage, and that finding was established by credible testimony from Samantha and from Haely Morris. Substantial evidence supports this conclusion.

The Fund improperly relies on the prior Commission opinion in *Hoskins v. Rogers Cold Storage, Inc.*, 1994 AWCC 179 (No. D403764), for its contention that Andrew's stepchildren were not wholly and actually dependent on him for support at the time of his death. In the *Hoskins* case, the Commission found that a preponderance of the evidence failed to show that the deceased stepfather, Leonard Slate, was obligated to support Shea Hoskins, his stepdaughter. In its opinion, the Commission stated that an obligation might arise if the stepparent stood in loco parentis to the minor stepchild. In the present case before us, the Fund argues that Andrew did not stand in loco parentis to his three stepchildren. While in the earlier case our court did affirm the Commission's denial of death benefits, we did not do so on the basis that Slate did not stand in loco parentis to his stepdaughter, Shea. *Hoskins v. Rogers Cold Storage*, 52 Ark. App. 219, 916 S.W.2d 136 (1996). Therefore, the Fund's argument is misplaced; Full Commission opinions are not precedent to our court. *Family Dollar v. Edwards*, 97 Ark. App. 156, 245 S.W.3d 181 (2006). Nevertheless, as our court pointed out in *Hoskins*:

> Our result in this case should not be interpreted to mean that a stepchild may never recover death benefits following the death of her stepparent as a matter of law. The holding in *Doyle Concrete Finishers* [*v. Moppin*, 268 Ark. 167, 594 S.W.2d 243 (1980)] shows that dependency is not a question of law, but a fact issue to be determined by the circumstances existing when the compensable injury occurs. It is based on proof of either actual support from the decedent, as was shown in that case,

5

SLIP OPINION

or a showing of a reasonable expectation of support, as was shown in *Roach* [*Mfg. Co. v. Cole*, 265 Ark. 908, 582 S.W.2d 268 (1979)]. Our decision does not address whether a stepchild may always, or never, have a reasonable expectation of support from a deceased worker where there is evidence that she is being actually supported by her natural parent, or where she has a right to expect support from the natural parent even if it is not actually provided. Each case will turn on its facts. On the facts presented in this case, however, we are unable to conclude that fair-minded persons presented with the same evidence could not have reached the conclusion that the Commission made, namely, that appellant was not "wholly and actually dependent" upon Leonard Jack Slate when he died.

52 Ark. App. at 225, 916 S.W.2d at 140. Here, before us, there is substantial evidence to support the Commission's award of death benefits to Andrew's three stepchildren, and we affirm the Commission's decision on this issue.

*Preference to Samantha Myers in Division of Weekly Death Benefits*

It is uncontroverted that the weekly death benefit in this case is $440. In his opinion, the ALJ awarded Samantha Myers $231 per week, and Andrew Myers's dependent children (two biological children and three stepchildren) were each awarded equal portions of the remaining $209, or $41.80 per week per child. The Fund argues, however, that the Commission erred by giving preference to Samantha Myers as the widow rather than apportioning the benefits to her and the children as a class as required by Arkansas Code Annotated section 11-9-527(e). We agree with the Fund's argument.

Arkansas Code Annotated section 11-9-527(c)(2) provides that, if there is a widow and children, benefits are to be payable thirty-five percent to the widow and fifteen percent for each dependent child. When, as in this case, the number of dependent children would exceed the amount payable, i.e., fifteen percent for each dependent child, subsection (e) of the statute is then activated; it provides:

Where, because of the limitation in subsection (c) of this section, a person or class of persons cannot receive the percentage of compensation specified as payable to or on account of the person or class, there shall be available to the person or class that proportion of the percentage which, when added to the total percentage payable to all persons having priority or preference, will not exceed a total of sixty-five percent (65%), which proportion shall be paid:

(1) to that person; or

(2) to that class in equal shares unless the Workers' Compensation Commission determines otherwise in accordance with the provisions of subsection (f) of this section.[2]

Our supreme court, in *Gary McJunkin Trucking Company v. Byars*, 258 Ark. 387, 525 S.W.2d 662 (1975), held that when there is a widow and children, they are all placed on equal footing under this statute and given the same classification priority; however, they are given priority over lower classifications.[3]  In this case, there is not enough money to award Samantha a thirty-five-percent share and each dependent child a fifteen-percent share.  Thus, the Commission may pay each member of the class an equal share under subsection (e) or may consider the determination of beneficiaries under subsection (f).  We therefore reverse and remand on this issue for the Commission to determine the proper apportionment of benefits.

Affirmed in part; reversed and remanded in part.
HARRISON and WYNNE, JJ., agree.
*David L. Pake*, for appellant.
*Garland L. Watlington*, for appellee.

---

[2]Subsection (f) provides, "If the commission determines that payments in accordance with subdivision (e)(2) of this section would provide no substantial benefit to any person of the class, it may provide for the payment of the compensation to the persons within the class whom it considers will be most benefitted by the payment."  The Commission has made no such finding in the instant case.

[3]There are no other lower classifications to be considered in this case.