Cite as 2025 Ark. App. 251

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-24-461

| | |
|---|---|
| SAYEL MOHAMMED | Opinion Delivered April 23, 2025 |
| APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION |
| V. | COMMISSION [NO. G506822] |
| MAVERICK TRANSPORTATION AND DEATH & PERMANENT TOTAL DISABILITY TRUST FUND | AFFIRMED |
| APPELLEES | |

## STEPHANIE POTTER BARRETT, Judge

On September 9, 2015, Sayel Mohammad was killed in a work-related truck accident while employed with Maverick Transportation. His parents, Yaha Mohammed and Yusra Yameen Salama sought dependency death benefits, and their request was denied by the administrative law judge (ALJ). They appealed to the Arkansas Workers' Compensation Commission (the "Commission"), which affirmed the ALJ's opinion. Yaha and Yusra now appeal the Commission's finding, arguing the Commission erred in denying benefits and that its decision was not supported by substantial evidence. We affirm.

At the time of his death, Sayel was married to, but separated from, Krystle Martish. Although separated, Sayel continued to provide Martish with financial support by paying her rent, covering her yard work, and maintaining her vehicle. While Sayel and Martish had

no children together, he provided his stepchildren with gifts and school supplies during the separation. Before Sayel's death, his average weekly wage was $1,100.13.

On March 28, 2017, Martish filed a form AR-C for widow's benefits in Arkansas but ultimately requested a voluntary dismissal of her claim, stating it was her wish that Sayel's parents receive any benefits paid. On August 8, Yaha and Yusra filed a form AR-C claiming rights to parental survivor benefits arising from Sayel's death.

On September 26, 2023, a hearing was held before an ALJ to determine the issue of whether Yaha and Yusra were entitled to partial dependency death benefits. Yaha was the sole witness to testify at the hearing. Yaha testified he was employed before and during Sayel's employment with Maverick and after his death. He testified he had been able to continue supporting his large family of nine and pay off the family car after Sayel's passing. Yaha was questioned about the money Sayel sent, and he testified that he used the money to expand his home from two bedrooms to four. Yaha explained that in his culture, the children care for their parents once they reach a certain age, and Sayel had told him not to work anymore. The ALJ held that Yaha and Yusra failed to satisfy the required burden of proof to show they were entitled to partial dependency death benefits pursuant to Arkansas Code Annotated sections 11-9-111 and 11-9-527 (Repl. 2012). Yaha and Yusra appealed this decision to the full Commission, which affirmed and adopted the order of the ALJ.

In reviewing decisions from the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Willis v. Ark. Dep't of Corr.*, 2021 Ark. App. 50, 616 S.W.3d 679. When the Commission

denies benefits because the claimant has failed to meet his or her burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Id.* The issue is not whether this court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission; if so, this court must affirm. *Id.*

Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Id.* Once the Commission has made its decision on issues of credibility, we are bound by that decision. *Id.* It is within the Commission's province to reconcile conflicting evidence and to determine the true facts. *Sosa v. Kawneer Co., Inc.*, 2022 Ark. App. 195, at 7, 645 S.W.3d 26, 31.

The sole issue presented in this case is whether Sayel's parents, Yaha and Yusra, are entitled to survivor benefits. On appeal, they argue the Commission's decision to deny benefits is not supported by substantial evidence. We disagree.

Arkansas Code Annotated section 11-9-527(c) outlines who qualifies for survivor benefits as the family of a worker who dies in the course and scope of his employment. The statute mandates that compensation "be paid to those persons who were wholly and actually dependent upon the deceased employee." *Id.* Dependency is a factual question to be determined in light of the surrounding circumstances. *Fordyce Concrete v. Garth*, 84 Ark. App. 256, 139 S.W.3d 154 (2003). "Actual dependency" does not require a finding of total dependency; it may be established by showing either actual dependency or a reasonable expectancy of future support, even if no actual support has been provided. *Hoskins v. Rogers*

3

*Cold Storage*, 52 Ark. App. 219, 916 S.W.2d 136 (1996). The question of dependency is determined as of the time of the decedent's injury. Ark. Code Ann. § 11-9-527(h); *Hoskins*, *supra*.

However, in cases involving compensation to alien nonresidents of the United States, the analysis must begin under the provisions of Arkansas Code Annotated section 11-9-111(a). That statute provides:

> Compensation to alien nonresidents of the Unites States or Canada shall be the same in amount as provided for residents, except that alien nonresident dependents in any foreign country shall be limited to the surviving wife or children or, if there is no surviving wife or children, to the surviving father or mother whom the employee has supported, either wholly or in part, for the period of one (1) year prior to the date of the injury.

The appellees argue that the statute limits the class of beneficiaries of alien nonresidents to the surviving wife; his children, if any; and then his parents. To address this argument, we must construe the meaning of the statute. We review issues of statutory construction de novo because it is for this court to decide what a statute means. *Johnson v. Bonds Fertilizer, Inc.*, 365 Ark. 133, 226 S.W.3d 753 (2006). The provisions of the workers'-compensation act are to be construed strictly. *See* Ark. Code Ann. § 11-9-704(c)(3) (Repl. 2013). Strict construction requires that nothing be taken as intended that is not clearly expressed, and its doctrine is to use the plain meaning of the language employed. *Am. Standard Travelers Indem. Co. v. Post*, 78 Ark. App. 79, 77 S.W.3d 554 (2002). The basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the legislature. *Teasley v. Hermann Cos., Inc.*, 92 Ark. App. 40, 211 S.W.3d 40 (2005). Statutes

4

are to be construed such that no word is left void, superfluous, or insignificant. *Est. of Slaughter v. City of Hampton*, 102 Ark. App. 373, 285 S.W.3d 669 (2008). When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Baker Refrigeration Sys., Inc. v. Weiss*, 360 Ark. 388, 201 S.W.3d 900 (2005).

Section 11-9-111(a) ensures that residents and nonresidents receive equal compensation and limits the class of alien nonresident dependents. Nothing in section 11-9-527 excludes alien nonresidents from receiving benefits, and nothing in section 11-9-111 renders the provisions of section 11-9-527 inapplicable except to the extent that certain beneficiaries are excluded. Alien nonresident dependents must still meet the requirements set forth in section 11-9-527 to receive dependency benefits. We determined in *Death & Permanent Total Disability Trust Fund v. Rodriguez*, 104 Ark. App. 375, 292 S.W.3d 827 (2009), that it is apparent from the statute that section 11-9-111 is written disjunctively. While *Rodriguez* dealt with a different set of facts, the outcome is applicable here. In *Rodriguez* we stated, "Dependents include the surviving wife and children, or, if that class of persons does not exist, then to the surviving mother or father 'whom the employee has supported.'" *Id.* at 381–82, 292 S.W.3d at 832. Pursuant to *Rodriguez*, Yaha and Yusra cannot be entitled to benefits because Sayel has a surviving wife. The fact Martish dismissed her claim for benefits does not erase her status as Sayel's wife. Because the statute makes clear Yaha and Yusra are

5

not entitled to benefits, we need not address whether they were "wholly and actually dependent" on Sayel as required by section 11-9-527.

Affirmed.

HARRISON and TUCKER, JJ., agree.

*Gary Davis*, for appellant.

*Newkirk & Jones Law Firm*, by: *David C. Jones*, for separate appellee Maverick Transportation, LLC.

*Christy King*, for separate appellee Death & Permanent Total Disability Trust Fund.