Richard Emmett JONES *v.* Mike HUCKABEE,
Governor of the State of Arkansas, in His Official Capacity;
Arkansas Crime Information Center; Charles Pruitt, in His Official
Capacity; John Does 1-20, Individually and in Their
Official Capacities

06-620                                        250 S.W.3d 241

Supreme Court of Arkansas
Opinion delivered February 15, 2007

*David O. Bowden* and *Stephen P. Bilheimer,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Ashley Argo,* Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. This is an appeal from a grant of summary judgment in favor of the Arkansas Crime Information Center ("ACIC") and its director, Charles Pruitt, and Governor Mike Huckabee (collectively "Appellees"). The Pulaski County Circuit Court dismissed an action filed by Appellant Richard Emmet Jones ("Jones") alleging a violation of his civil rights

stemming from the ACIC's refusal to remove prior records of his arrests from its database, despite court orders to do so. Jones claimed irreparable harm to his reputation, equal protection and due process violations, and a deprivation of his liberty, reputation, and employment interests. We affirm the circuit court's grant of summary judgment.

The relevant facts are as follows. On February 28, 1980, Jones was arrested for the offenses of keeping a gambling house and violation of the Uniform Controlled Substances Act. Those charges were ultimately dismissed. Fifteen years later, on May 27, 1995, Jones was arrested for the offenses of terroristic threatening and carrying a weapon. Once again, the charges were dismissed.

On February 1, 2001, the Benton Municipal Court entered two uniform "Orders to Seal," directing that the records of Jones's February 28, 1980 arrest be sealed pursuant to Act 738 of 1997 (codified at Ark. Code Ann. § 16-90-906 (Repl. 2006)). Similarly, on February 6, 2001, the Hot Springs Municipal Court entered identical orders directing that the records of Jones's May 27, 1995 arrest be sealed.[1] Under Act 738, any individual who has been charged and arrested for any criminal offense where the charges are subsequently dismissed is eligible to have all records, petitions, orders, docket sheets, and other documents relating to the case expunged. Ark. Code Ann. § 16-90-906.

The ACIC received a copy of the municipal court orders, which specifically stated that the records were to be sealed to all except for those authorized by law to have access. Additionally, each of the orders made a specific finding that the charges against Jones had been dismissed.[2] In compliance therewith, the ACIC immediately sealed the computerized records concerning Jones's arrests in 1980 and 1995. More particularly, the arrest records were electronically segregated and contained language stating that the

---

[1] Effective July 1, 2001, municipal courts, as the trial courts of limited jurisdiction, became district courts under Amendment 80 to the Arkansas Constitution. Ark. Const. amend. 80, § 7.

[2] Despite this specific finding, which in fact mirrors his own averments in the pleadings before the circuit court and in the initial brief before this court, Jones argued for the first time in his reply brief and at oral argument that he was not actually "charged" as defined in Ark. Code Ann. § 16-90-901. We do not address arguments raised for the first time in a reply brief. *Ayala v. State*, 365 Ark. 192, 226 S.W.3d 766 (2006); *Maddox v. City of Fort Smith*, 346 Ark. 209, 56 S.W.3d 375 (2001).

records were sealed and were only available to criminal justice agencies for criminal justice purposes. Shortly thereafter, the Benton Municipal Court and the Hot Springs Municipal Court entered "Orders to Remove," directing that the information about Jones's arrests and the disposition of the charges be removed from the ACIC records because all charges had been dismissed.

Jones eventually filed an action in 2003 against the ACIC and its director, Charles Pruitt, in his official capacity, Governor Mike Huckabee, in his official capacity, and John Does 1-20, individually and in their official capacities, alleging a violation of his civil rights stemming from the ACIC's "unlawful and *ultra vires* failure and refusal to follow existing Arkansas Law and other authority governing its conduct, specifically in its failure to destroy records upon court order and to properly restrict access to them prior to destruction." In the action brought under 42 U.S.C. §§ 1983 and 1988 and the Arkansas Civil Rights Act of 1993, codified at Ark. Code Ann. §§ 16-123-101 through 16-123-108 (Repl. 2006), Jones further alleged that "unauthorized parties" had accessed his arrest records through the ACIC and that this access violated his right to privacy under the First Amendment to the Constitution of the United States and the Arkansas Constitution, as well as the ACIC enabling statutes, Ark. Code Ann. §§ 12-12-201 through 12-12-217 (Repl. 2003 & Supp. 2005). Finally, Jones urged the circuit court to declare Ark. Code Ann. §§ 12-12-201 through 12-12-217 unconstitutional on its face and as applied.

Pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, Appellees filed a motion to dismiss Jones's complaint and amended complaint, which the circuit court construed as a motion for summary judgment. In the absence of any genuine issue of material fact, the circuit court granted the motion for summary judgment, and an order to that effect was entered on October 6, 2004. The court's order dismissing all defendants, except John Does 1-20, included a ruling that "[t]he named Defendants in this case did not violate Plaintiff's constitutional rights." From that order, Jones filed a notice of appeal, but we dismissed his appeal, finding that the order was not final or appealable. *See Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005). Upon Jones's motion to dismiss the John Doe Defendants, the circuit court dismissed the remaining defendants without prejudice and Jones's second appeal is now properly before us. This appeal involves an

issue of first impression; thus, our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(b)(1) (2006).

On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002). The burden of sustaining the motion for summary judgment is always on the moving party and this court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Summary judgment is proper when the party opposing the motion fails to show that there is a genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.* (citing Ark. R. Civ. P. 56 (2002)).

For his first point on appeal, Jones argues that the circuit court erred when it granted summary judgment in favor of Appellees. Specifically, he claims that the affidavits filed in the circuit court indicate the existence of genuine issues of material fact that require resolution at trial by a finder of fact. We disagree.

With regard to the expungement and sealing of criminal records, Ark. Code Ann. § 16-90-906 provides as follows:

> Any individual who has been charged and arrested for any criminal offense where the charges are subsequently nolle prossed or dismissed or the individual is acquitted at trial is eligible to have all arrest records, petitions, orders, docket sheets, and any other documents relating to the case expunged in accordance with the procedures defined by this subchapter and upon entry of an order of expungement may state that no such charges, arrest, and the resulting trial ever occurred.

Ark. Code Ann. § 16-90-906 (Repl. 2006). Any individual who is eligible to have an offense expunged under section 16-90-906 may file a uniform petition to seal records with the circuit court in the county where the crime was committed. *Id.* § 16-90-904. In that regard, the ACIC is required to adopt and provide a uniform petition and order to seal records that shall be used by all petitioners and by all circuit and district courts in this state. *Id.* § 16-90-905. The "clean slate" effect of expungement is not absolute:

An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored and shall be completely exonerated, and the record which has been expunged shall not affect any of his or her civil rights or liberties *unless otherwise specifically provided by law.*

*Id.* § 16-90-902(a) (emphasis added). In other words, if specifically provided by law, an expunged criminal record could affect an individual's civil rights or liberties.

The record in this case includes an affidavit by Richard J. Thomas, the Administrator for the Criminal History Division of the ACIC, in which he explains the procedure by which his agency expunges an arrest record:

> [E]ach computerized arrest record is individually reviewed to ensure that it has been properly identified as belonging to the defendant and that it matches the Order to Seal. A caveat in capitol [sic] letters reading, "**THIS RECORD IS SEALED * RESTRICTED TO CRIMINAL JUSTICE USE ONLY*" is inserted at the beginning of the computerized record. All arrest information and court information follows. At the end of the record under the heading of "OTHER INFO" is the word "SEALED" and the date the record was sealed. This completes the sealing of one record. Each arrest record is handled the same way. The expunged records are then verified by another employee to ensure data entry was correct.

(Internal numbering omitted.) All parties agree that the records at issue here were electronically segregated; that is, they were only available to criminal justice agencies for criminal justice purposes.

As stated earlier, there is no dispute that Jones was arrested on February 28, 1980, for the offenses of keeping a gambling house and violation of the Uniform Controlled Substances Act, and that he was arrested on May 27, 1995, for the offenses of terroristic threatening and carrying a weapon. Because the charges were subsequently dismissed, Jones became eligible under Ark. Code Ann. § 16-90-906 to have his arrest records expunged. Consequently, the municipal courts entered orders directing that the records concerning Jones's arrests be sealed pursuant to Act 738 of 1997. The ACIC received a copy of the orders, which stated specifically that the records of the offenses were to be sealed to all except for those authorized by law to have access. Indeed, the records were immediately sealed and electronically segregated.

At issue here is Jones's argument that the ACIC violated his civil rights when it refused to physically destroy his arrest records despite the court orders directing the removal of his arrest records from the ACIC database. His argument, however, ignores the following statutory definition: " '[E]xpunge' shall mean that the record or records in question shall be sealed, sequestered, and treated as confidential. . . . 'expunge' shall not mean the physical destruction of any records." Ark. Code Ann. § 16-90-901(a)(1), (2) (Repl. 2006). Thus, we hold that the ACIC correctly complied with the municipal courts' orders to seal the records consistent with the statutory requirements of Ark. Code Ann. §§ 16-90-901 through 16-90-906. With regard to the subsequent "Orders to Remove," it is clear that any physical removal or destruction of Jones's arrest records is not contemplated by state law. The dissemination of criminal history records is governed by statute:

> (a) Pending information, conviction information, and nonconviction information available through the [ACIC], plus information obtained through the Interstate Identification Index or from another state's record system and juvenile aftercare and custody information, shall be disseminated to criminal justice agencies and officials for the administration of justice.
>
> . . . .
>
> (d) Expunged records will be made available to criminal justice agencies for criminal justice purposes as other laws permit.

Ark. Code Ann. § 12-12-1008 (Repl. 2003). In sum, Jones's first point on appeal is without merit. The circuit court correctly concluded that Appellees were entitled to summary judgment as a matter of law.

For his second point on appeal, Jones contends that his privacy rights were violated when "someone accessed ACIC in an unauthorized fashion to use the information held there in a political campaign." According to Jones, an unknown person illegally accessed his arrest records in the ACIC database and posted the records on the internet.

With respect to Jones's civil rights claims against the ACIC, its director, and the governor, arising out of the alleged misuse of the arrest records, the doctrine of respondeat superior is not a basis

for liability under the federal Civil Rights Act, codified at 42 U.S.C. § 1983. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). Likewise, we conclude that the doctrine of respondeat superior is not a basis for liability under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. §§ 16-123-101 through 16-123-108. In construing our state's version of 42 U.S.C. § 1983, section 16-123-105, this court may look for guidance to federal decisions interpreting 42 U.S.C. § 1983. Ark. Code Ann. § 16-123-105(c) (Repl. 2006).

The Arkansas General Assembly has provided the remedy of criminal prosecution for any misuse of arrest records: "Every person who shall knowingly release or disclose to any unauthorized person any information collected and maintained under this subchapter, and any person who knowingly obtains such information for purposes not authorized by this subchapter, shall be deemed guilty of a Class D felony." Ark. Code Ann. § 12-12-1002 (Repl. 2003). The same penalty for similar conduct is set forth in Ark. Code Ann. § 12-12-212 (Repl. 2003). Yet, it does not appear from the record in this case that Jones ever attempted to pursue the available remedy of criminal prosecution.

Finally, in connection with his violation-of-privacy claims, Jones challenges the constitutionality of the ACIC enabling statutes, Ark. Code Ann. §§ 12-12-201 through 12-12-217, citing the right to privacy and the right to reputation as fundamental rights under the Arkansas Constitution, as well as this court's decision in *Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002). Specifically, Jones seeks a declaration that Ark. Code Ann. §§ 12-12-201 through 12-12-217 is both unconstitutional on its face and as applied. Absent a specific ruling on the constitutionality of a statute, we are precluded from addressing the issue on appeal. *Smith v. State*, 363 Ark. 456, 215 S.W.3d 626 (2005). While the record below reflects the circuit court's ruling that "[t]he named Defendants in this case did not violate Plaintiff's constitutional rights," the circuit court made no specific ruling on the constitutionality of Ark. Code Ann. §§ 12-12-201 through 12-12-217. Accordingly, that issue is not preserved for appellate review.

Affirmed.