The ESTATE of Jerry SLAUGHTER, La'Ronda Slaughter, Executrix *v.* CITY of HAMPTON, Municipal League WC Trust

CA 07-1328                                            285 S.W.3d 669

Court of Appeals of Arkansas
Opinion delivered June 4, 2008

*Compton, Prewett, Thomas & Hickey, LLP,* by: *F. Mattison Thomas, III,* for appellant.

*J. Chris Bradley,* for appellee.

WENDELL L. GRIFFEN, Judge. Previously, the Arkansas Workers' Compensation Commission (Commission) found that Jerry Slaughter did not suffer a compensable injury in the form of a chemical exposure that led to his death. We reversed and remanded that case.[1] On remand, the Commission awarded appropriate death benefits pursuant to Ark. Code Ann. § 11-9-527 (Repl. 2002), except for widow's benefits. It denied widow's benefits to La'Ronda Slaughter, Mr. Slaughter's widow, because she was not married to him when he suffered the chemical exposure. Mr. Slaughter's estate again appeals, arguing that the Commission erred in denying Mrs. Slaughter widow's benefits.

The Commission denied widow's benefits solely because Mrs. Slaughter was not married to the decedent when the injury occurred. The Commission's analysis is fatally simplistic because § 11-9-527 does not require Mrs. Slaughter to prove that she was legally married to Mr. Slaughter when the injury occurred, although she was required to prove that she was dependent on him at that time. Additionally, the Commission failed to make any finding regarding whether Mrs. Slaughter was actually and wholly dependent on Mr. Slaughter when he died. In short, because the Commission misapplied § 11-9-527 and failed to make all of the necessary findings, we reverse and remand the case for further proceedings.

Mrs. Slaughter testified that she and Mr. Slaughter met in July 2004 and began living together "pretty close after that." She said that, as early as September 2004, both she and Mr. Slaughter wore wedding rings, and that they planned to marry in February 2005.

Mr. Slaughter suffered direct chlorine-gas exposure to his face, nose, and throat on November 17, 2004, which injured his lungs and ultimately led to his death. At that time, he and Mrs. Slaughter were living together but were not married. Mrs. Slaughter offered uncontroverted testimony that Mr. Slaughter moved in with her and that she signed the lease but that they initially split

---

[1] *See Estate of Slaughter v. City of Hampton,* 98 Ark. App. 409, 255 S.W.3d 872 (2007).

rent, utilities, and the cost of food. When Mr. Slaughter moved in, Mrs. Slaughter was working, but she lost her job on November 9. Thus, by the time Mr. Slaughter was injured on November 17, he paid all of their expenses.

Mr. Slaughter was not hospitalized for his compensable injury until December 22, 2004. He and Mrs. Slaughter were married in the hospital on January 5, 2005. Mr. Slaughter died ten days later, on January 15, 2005. Mrs. Slaughter was appointed as the administratrix of her husband's estate and subsequently pursued the workers' compensation claim that gave rise to this appeal.

When reviewing a decision from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *See Fayetteville School Dist. v. Kunzelman*, 93 Ark. App. 160, 217 S.W.3d 149 (2005). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether the appellate court might have reached a different result from the Commission; if reasonable minds could reach the result found by the Commission, the appellate court must affirm the decision. *Id.*

The sole issue in this case is whether the Commission erred in denying Mrs. Slaughter widow's benefits. The estate argues that the mere fact that Mrs. Slaughter was married to and wholly dependent on Mr. Slaughter for her support when he died entitles her to widow's benefits. It maintains that the relevant time for determining entitlement to widow's benefits is the date of Mr. Slaughter's death, not the date of his injury, because § 11-9-527 does not apply *until* a death occurs.

The employer counters that the correct date for determining Mrs. Slaughter's entitlement to widow's benefits is the date of the injury, not the date of Mr. Slaughter's death. It asserts that adopting the estate's construction of the relevant statutes would usurp the legislative function and would be completely contrary to the manner in which the compensation act is structured.[2]

---

[2] The employer also reminds this court that Arkansas generally does not recognize common-law marriages entered into within the State of Arkansas as legal marriages, even for workers' compensation purposes. *See* Ark. Const. amend. 83 (defining marriage); *Rockefeller v. Rockefeller*, 335 Ark. 145, 980 S.W.2d 255 (1998) (citing the general rule); and *Orsburn v.*

The issue on appeal may be resolved by a simple matter of statutory construction. Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *See Rose v. Arkansas State Plant Bd.*, 363 Ark. 281, 213 S.W.3d 607 (2005). In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. *Id.* Thus, we seek to construe the relevant statutes in the instant case in such a manner as to give effect to them all, if possible. *Id.*

Widow's benefits are one class of death benefits available under the workers' compensation scheme. Section 11-9-527 provides in relevant part:

> (c) BENEFICIARIES—AMOUNTS. Subject to the limitations as set out in §§ 11- 9-501 — 11-9-506,[3] compensation for the death of an employee shall be paid to those persons who were wholly and actually dependent upon the deceased employee in the following percentage of the average weekly wage of the employee and in the following order of preference:
>
> (1)(A)(i) To the widow if there is no child, thirty-five percent (35%), and the compensation shall be paid until her death or remarriage.
>
> (ii) However, the widow shall establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided in this section[.]

Additionally, Arkansas Code Annotated § 11-9-527(h) provides that, "All questions of *dependency* shall be determined *as of the time of the injury.*" (Emphasis added.) Dependency is an issue of fact rather than a question of law, and the issue is to be resolved based upon the facts present at the time of the compensable injury. *See Hoskins v. Rogers Cold Storage*, 52 Ark. App. 219, 916 S.W.2d 136 (1996).

---

*Graves*, 213 Ark. 727, 210 S.W.2d 496 (1948) (denying workers' compensation benefits based on a common-law marriage claim). Nonetheless, this case does not involve a common-law marriage because Mrs. Slaughter was legally married to Mr. Slaughter when he died.

[3] None of the limitations set out in these provisions are relevant in this case.

Accordingly, a person claiming entitlement to widow's benefits pursuant to § 11-9-527(c)(1)(A)(i), must establish two things: 1) that she is the decedent employee's "widow"; and 2) that she was wholly and actually dependent on the decedent at the time of the injury. In turn, a "widow" is defined as "the decedent's legal wife, living with or dependent for support upon him at the time of his death." *See* Ark. Code Ann. § 11-9-102(20)(A) (Supp. 2007). According to the introductory clause of § 11-9-102, the definitions supplied therein apply throughout the worker's compensation code. Therefore, the definition of widow under § 11-9-102(20)(A) governs the use of that term in § 11-9-527.

Clearly, the relevant date for determining questions of *dependency* is the date of the injury. *See* Ark. Code Ann. § 11-9-527(h); *Hoskins, supra*. However, the definition of widow does not require a person to prove that she was married to the decedent *on the date of the injury. See* Ark. Code Ann. § 11-9-102(20)(A). Thus, whether someone is a widow is a *separate* determination that is not governed by § 11-9-527(h). Stated another way, while a *dependent's* status turns on *the date of the injury*, a widow's status does not. It follows then, that, determining a person's status as a widow does not establish whether she is a dependent, and conversely, that establishing a person's status as a dependent neither proves nor disproves whether that person is a widow.

█ Because the definition of widow applies to § 11-9-527, effect may be given to all of the relevant statutes by requiring a person claiming benefits to satisfy *each* discrete requirement of §§ 11-9-102(20)(A), 11-9-527(c)(1)(A)(i), and 11-9-527(h). Hence, a person claiming to be a widow must show that she was legally married to and either living with or dependent upon the decedent when he died. *See* Ark. Code Ann. § 11-9-102(20)(A). A person claiming entitlement to widow's benefits must show that she is a widow and was dependent on the claimant when he was injured. *See* Ark. Code Ann. § 11-9-527(c)(1)(A)(i) and § 11-9-527(h).[4] On remand, the Commission should determine whether the estate met its burden of proof under these statutes.

---

[4] It is not a usurpation of the legislative function to apply different dates for the injury and for the resulting death because the Act already does so. In fact, § 11-9-527 itself reflects that the legislature recognizes that the date of death may be different from the date of injury. Section 11-9-527(b) provides: "If death does not result within one (1) year from the

Because the Commission failed to reconcile the definition of widow under § 11-9-102(20)(A) with the requirements of § 11-9-527(c) and (h), and failed to make the appropriate findings, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

GLOVER and HEFFLEY, JJ., agree.

---

date of the accident or within the first three (3) years of the period for compensation payments fixed by the compensation order, a rebuttable presumption shall arise that the death did not result from the injury."