The Honorable Karen S. Hopper State Representative Post Office Box 864 Lakeview, Arkansas 72654-0864
Dear Representative Hopper:
I am writing in response to your request for an opinion regarding the following five (5) questions, some of which have been paraphrased to reflect the information provided:
 1. Does simply adding a line stating "Sealed" to a record while continuing to maintain it in the same computer database without additional electronic safeguards constitute conformance to A.C.A. § 16-90-904?
 2. Do the words "general access" as found in A.C.A. § 16-90-904(f) refer only to access by the general public or do they include "general access" by personnel employed by a criminal justice agency that maintains the records?
 3. May personnel within a Sheriff's department have general access to sealed or expunged records pursuant to A.C.A. § 16-90-904(f) without a court order by virtue of the fact that the Sheriff's department is a criminal justice agency?
 4. Is a request for an individual's sealed records pursuant to A.C.A. § 16-90-903(a)(1) required to be in writing when the records are *Page 2 
requested by individual himself/herself, or is the writing requirement only applicable to requests made by the individual's attorney?
 5. What laws are available to enforce compliance with A.C.A. § 16-90-901 et seq.?
RESPONSE
I should initially note that your opinion request referenced A.C.A. § 16-90-905 rather than A.C.A. § 16-90-904; however, based on the content of your questions, I have assumed that this was a typographical error and have changed the statutory reference accordingly.
In response to your first question, it is my opinion that simply marking the face of a record "Sealed," without further action, does not conform to the standards set out by A.C.A. § 16-90-904. In response to your second question, it is my opinion that the words "general access," as used in this statute, refer to access that is not for a specific, legally authorized purpose, whether such access is by the general public or by personnel employed by a criminal justice agency. In response to your third question, it is my opinion that the answer to this question is "no" in the sense that Sheriff's department personnel may not have "general access" to sealed or expunged records. However, I must caution you that a court order is not necessarily required for a criminal justice agency to access sealed records for an appropriate purpose. In response to your fourth question, it is my opinion that it is not therequest for records that must to be in writing, but rather, the individual's authorization for his or her attorney to make therequest. In response to your fifth question, I am statutorily prohibited from giving private legal advice. However, I have set out some general principles of Arkansas law, which might be relevant to your inquiry.
Question 1: Does simply adding a line stating "Sealed" to a recordwhile continuing to maintain it in the same computer database withoutadditional electronic safeguards constitute conformance to A.C.A.§ 16-90-904?
In my opinion, simply marking the face of a record "Sealed," without further action, does not conform to the standards set out by A.C.A. § 16-90-904. *Page 3 
The subchapter that you referenced in your request deals with the expungement and sealing of criminal records. The definitions section, found at A.C.A. § 16-90-901, defines the term "expunge" as follows:
 "expunge" shall mean that the record or records in question shall be sealed, sequestered, and treated as confidential in accordance with the procedures established by this subchapter.
A.C.A. § 16-90-901(a)(1) (emphasis added).
Furthermore, the specific provision that you mentioned, A.C.A. § 16-90-904(f), provides that, when an order to seal is entered, all "criminal justice agencies" maintaining conviction records in computerized databases "shall either segregate the entire record into aseparate file or ensure by other electronic means that the sealed recordshall not be available for general access unless otherwise authorized bylaw." A.C.A. § 16-90-904(f) (emphasis added). A.C.A. § 12-12-1008
provides that "[e]xpunged records will be made available to criminal justice agencies for criminal justice purposes as other lawspermit." A.C.A. § 12-12-1008 (Repl. 2003) (emphasis added).
The 2007 case of Jones v. Huckabee, 369 Ark. 42, is relevant to your inquiry. In that case the Plaintiff alleged that a number of government officials and employees, as well as the Arkansas Crime Information Center (the "ACIC"), had violated his civil rights by "fail[ing] . . . to destroy records upon court order and to properly restrict access to them prior to destruction." Id. at 45.
The circuit court granted the defendants' motion for summary judgment, and the Arkansas Supreme Court affirmed. Id. at 46. The Court found that the ACIC complied with the statutory procedure for expungement as a matter of law where it: 1) marked the appropriate computerized records sealed and restricted with bold lettering at the beginning and end of each file, and 2) electronically segregated the records, making them available only to "criminal justice agencies for criminal justice purposes." Id. at 47.[1]
According to the background facts that you provided, it appears that the "criminal justice agency" in question has marked the computerized records sealed, which is certainly a step in the right direction. However, it is my opinion that, in order to *Page 4 
fully comply with A.C.A. § 16-90-904, the office must also electronically segregate the sealed records so that they may only be accessed by criminal justice agencies for criminal justice purposes.
Question 2: Do the words "general access" as found in A.C.A.§ 16-90-904(f) refer only to access by the general public or do theyinclude "general access" by personnel employed by a criminal justiceagency that maintains the records?
In my opinion the words "general access," as used in this statute, refer to access that is not for a specific, legally authorized purpose, whether such access is by the general public or by personnel employed by a criminal justice agency.
It is clear from A.C.A. § 16-90-901 et seq., that the general public is not entitled to access sealed records. See, e.g., A.C.A. § 16-90-903(a) (prohibiting the custodian of sealed records from even disclosing their existence except to certain specified requestors under specific circumstances.); see also Op. Att'y Gen. 2004-049 (opining, based on A.C.A. § 16-90-903, that sealed records are exempt from subsequent FOIA requests.)
Moreover, it is my opinion that sealed records may not be accessed by personnel employed by a criminal justice agency that maintains the records, unless said personnel are accessing the records for a proper purpose. Arkansas Code Annotated § 16-90-904(f) makes clear that sealed records are available only as authorized by law. While A.C.A. § 12-12-1008 does provide that expunged records are available to criminal justice agencies, the records are available only "for criminal justice purposes as other laws permit." For these reasons, it is my opinion that sealed records should not be available for "general access" by personnel within a criminal justice agency, but should be restricted to those personnel who are accessing them for a specific, legally authorized purpose, i.e., a "criminal justice purpose." I do not believe the fact that the criminal justice agency in question is the custodian of the records changes this rule. In fact, the Arkansas Supreme Court appeared to recognize that unauthorized access to sealed records by an employee of the custodian would likely violate the law in the previously cited case of Jones v. Huckabee, 369 Ark. at 48-49.[2] *Page 5 
For these reasons, it is my opinion that when A.C.A. § 16-90-904(f) states that a criminal justice agency maintaining sealed records on computer must ensure that the records are not available for "general access," the words "general access" mean any access not authorized by law, including access by the agency's own personnel.
Question 3: May personnel within a Sheriff's department have generalaccess to sealed or expunged records pursuant to A.C.A. § 16-90-904(f)without a court order by virtue of the fact that the Sheriff'sdepartment is a criminal justice agency?
In my opinion, the answer to this question is "no" in the sense that Sheriff's department personnel may not have "general access" to sealed or expunged records. However, I must caution you that a court order is not necessarily required for a criminal justice agency to access sealed records for an appropriate purpose. See, e.g., A.C.A. § 16-90-903.
In sum, as set forth in my response to Question 2, it is my opinion that personnel within a criminal justice agency may access sealed or expunged records only "for criminal justice purposes as other laws permit." A.C.A. S 12-12-1008(d) (Repl. 2003).
Question 4: Is a request for an individual's sealed records pursuantto A.C.A. § 16-90-903(a)(1) required to be in writing when the recordsare requested by individual himself/herself, or is the writingrequirement only applicable to requests made by the individual'sattorney?
In my opinion, according to the plain language of A.C.A. § 16-90-903(a)(1), it is not the request for records that must to be in writing, but rather, the individual's authorization for his or herattorney to make the request. The relevant language states:
 The custodian of records shall not . . . release such records except when requested by . . . the individual whose records were sealed or the individual's attorney, authorized in writing by the individual.
A.C.A. § 16-90-903(a)(1) (emphasis added). *Page 6 
In other words, the individual may request the records or the individual's attorney may request the records. However, the attorney may only make the request if he or she can present a writing made by the individual authorizing said request.
Question 5: What laws are available to enforce compliance with A.C.A.§ 16-90-901 et seq.?
The statute itself does not set out any mechanism for enforcement; therefore, enforcement through the courts may be required. Generally speaking, only a party who has a right to be enforced may bring an action. Moore v. State, 304 Ark. 257, 801 S.W.2d 638 (1990). For this reason it is my opinion that only an individual whose records have been improperly sealed in violation of A.C.A. § 16-90-904 is entitled to bring an action to force the criminal justice agency in question to comply with the statutory procedure.
Because the statute can only be enforced by an aggrieved individual and because I am statutorily prohibited from engaging in the private practice of law, I can only address your fifth question in very general terms. While I can set out some general principles of Arkansas law on point, this portion of the opinion is not intended to benefit private third parties. Such parties should seek the advice of their own attorney if they believe their rights have been violated.
With that caveat, one possible method of enforcement is a writ of mandamus. It has long been held in Arkansas that mandamus is an appropriate remedy to require a public officer to do his duty.Bowden v. Webb, 116 Ark. 310, 173 S.W. 181 (1915); ArkansasDemocrat-Gazette v. Zimmerman, 341 Ark. 771, 20 S.W.2d 301 (2000). Mandamus will lie to compel a sheriff's office to perform a statutory duty. See, e.g., Ghent v. State, 189 Ark. 747, 75 S.W.2d 67 (1934);see also Op. Att'y Gen. 2007-228. A writ of mandamus may be issued if two factors are first established: 1) that the duty to be compelled is ministerial rather than discretionary; and 2) that the petition has shown a clear right to relief and established the absence of another adequate remedy. Axley v. Hardin, 353 Ark. 529, 110 S.W.3d 766 (2006).
I will also note that a record is sealed through the entry of a court order. A.C.A. § 16-90-905(c). A sheriff is considered an officer of the court with a duty to obey its orders and his failure to do so may constitute contempt of court. Henderson v. Dudley, 264 Ark. 697,574 S.W.2d 658. *Page 7 
In addition, you may find it relevant that the actual misuse of certain criminal history information is a felony. A.C.A. § 12-12-1002 provides in relevant part:
 Every person who shall knowingly release or disclose to any unauthorized person any information collected and maintained under this subchapter, and any person who knowingly obtains such information for purposes not authorized by this subchapter shall be deemed guilty of a Class D felony.
A.C.A. § 12-12-1002(b) (Repl. 2003).
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] The Court further noted that the "physical removal or destruction of . . . arrest records is not contemplated by state law."Jones, 369 Ark. at 48.
[2] The Court declined to hold the ACIC liable for the violation allegedly committed by its employee because "the doctrine of respondeat superior is not a basis for liability under the federal Civil Rights Act." Jones, 369 Ark. at 48-49. However, the court went on to suggest that criminal prosecution for misuse of arrest records might be an available remedy. Id. at 49. *Page 1