2010 Ark. App. 312

**Deborah LANDERS, Appellant**

v.

**ARKANSAS DEPARTMENT OF EDUCATION, State Board of Education, Appellees.**

**No. CA 09–1134.**

Court of Appeals of Arkansas.

April 14, 2010.

Jeff Wankum, Wankum Law Firm, North Little Rock, AR, for appellant.

Jennifer Williams Flinn, Jeremy Christopher Lasiter, Little Rock, for Appellee.

ROBERT J. GLADWIN, Judge.

Deborah Landers appeals the order filed in Pulaski County Circuit Court on July 14, 2009, that affirmed the Arkansas State Board of Education's (Board's) decision to deny her waiver request for a certified teacher's license. She contends that once her felony-theft conviction was expunged, her conviction could not be used by the Board to deny licensure. We disagree and affirm the circuit court's order.

In 2006, Landers applied for teacher licensure from the Board, but the Board denied her application pursuant to Arkansas Code Annotated section 6–17–410(c) (Repl.2007), which provides that a license shall not be issued to any individual who has pled guilty or nolo contendere to or has been found guilty of any one of thirty-three enumerated disqualifying criminal offenses, one being theft of property. Landers pled nolo contendere to theft of property, a Class B felony, on August 25, 2005, in Faulkner County Circuit Court in connection with the misappropriation of approximately $36,000 from the Faulkner County Conservation District. She was sentenced to sixty months' probation and ordered to pay $36,808.22 in restitution.

On February 12, 2007, Landers requested a waiver from the Board pursuant to Arkansas Code Annotated section 6–17–410(f), which allows a waiver at the request of the applicant upon consideration of certain factors, including the age at which the crime or incident was committed; the circumstances surrounding the crime or incident; the length of time since the crime or incident; subsequent work history; employment references; character references; and other evidence demonstrating that the applicant does not pose a threat to the health or safety of school children or school personnel. The Board denied her request.

On June 21, 2007, Landers's conviction was expunged pursuant to Arkansas Code Annotated sections 16–93–1207 (Supp. 2007) and 16–90–905 (Repl.2006). On May 12, 2008, she again appeared before the Board seeking a waiver, this time relying on the language in Arkansas Code Annotated section 16–90–902(b) (Repl.2006), claiming that because her theft-of-property conviction had been expunged, it could not be considered by the Board to deny licensure. The Board disagreed and again de-nied her request for a waiver. The Board's order was filed on June 27, 2008, and Landers filed a petition for judicial review in Pulaski County Circuit Court. The circuit court affirmed the Board's decision by order filed July 15, 2009. From that order, this appeal followed.

Judicial review of a decision by the Board is governed by the Administrative Procedure Act, codified at Arkansas Code Annotated sections 25–15–201 to –304 (Repl.2002 and Supp.2009). The appellate court's review is directed, not toward the circuit court, but toward the decision of the agency, because administrative agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *Collie v. Ark. State Med. Bd.*, 370 Ark. 180, 258 S.W.3d 367 (2007); *Batiste v. Ark. Dep't of Human Servs.*, 361 Ark. 46, 204 S.W.3d 521 (2005). Our review of administrative decisions is limited in scope. *Williams v. Ark. State Bd. of Physical Therapy*, 353 Ark. 778, 120 S.W.3d 581 (2003). When reviewing such decisions, we uphold them if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. *Pine Bluff for Safe Disposal v. Ark. Pollution Control & Ecol. Comm'n*, 354 Ark. 563, 127 S.W.3d 509 (2003).

Landers maintains that before us is an issue of statutory construction, which this court reviews de novo, as it is for this court to decide what a statute means, and the court is not bound by the circuit court's determination in that regard. *Johnson v. Bonds Fertilizer, Inc.*, 365 Ark. 133, 226 S.W.3d 753 (2006). Strict construction requires that nothing be taken as intended that is not clearly expressed, and its doctrine is to use the plain meaning of the language employed. *Am. Standard*

*Travelers Indem. Co. v. Post,* 78 Ark.App. 79, 77 S.W.3d 554 (2002). The basic rule of statutory construction, to which all other interpretive guides must yield, is to give effect to the intent of the legislature. *Teasley v. Hermann Companies, Inc.,* 92 Ark.App. 40, 211 S.W.3d 40 (2005). Statutes are to be construed such that no word is left void, superfluous, or insignificant. *Estate of Slaughter v. City of Hampton,* 102 Ark.App. 373, 285 S.W.3d 669 (2008). When the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. *Baker Refrigeration Sys., Inc. v. Weiss,* 360 Ark. 388, 201 S.W.3d 900 (2005).

Arkansas Code Annotated section 16–90–902(b) provides that, upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist. Landers claims that the decision of the Board to consider a properly expunged conviction is in direct violation of this statute. She contends that by the plain language of this statute, the conviction should not have been allowed to be used as a disqualifying offense under Arkansas Code Annotated section 6–17–410, which provides in pertinent part as follows:

(c) The state board shall not issue a first-time license nor renew an existing license and shall revoke any existing license not up for renewal of any person who has a true report in the Child Maltreatment Central Registry or has pled guilty or nolo contendere to or has been found guilty of any of the following offenses by any court in the State of Arkansas or of any similar offense by a court in another state or of any similar offense by a federal court: . . .

(29) Felony theft as prohibited in §§ 5–36–103—5–36–106 and 5–36–202;

. . . .

(d)(1) For the purposes of this subsection (d):

(A) "Cause" means any of the following: . . .

(v) Having an expunged or a pardoned conviction for any sexual or physical abuse offense committed against a child or any offense in subsection (c) of this section.

Ark.Code Ann. § 6–17–410(c), (d)(1)(A)(v).

Landers argues that subsection (d)(1)(A)(v) above mentions a specific expunged conviction that can be used as a disqualifying offense—an expunged conviction for any sexual or physical abuse committed against a child. She contends that because theft-of-property is not listed specifically here, that an expunged conviction for theft-of-property cannot be considered by the Board in her application for licensure.

She points out that the Board argued below that subsection (d)(1)(A)(v) included an expunged conviction for *any* of the enumerated offenses in subsection (c)— "[h]aving an expunged or a pardoned conviction for any sexual or physical abuse offense committed against a child or any offense in subsection (c) of this section." Ark.Code Ann. § 6–17–410(d)(1)(A)(v). She contends that this issue has not been addressed by an appellate court and requires clarification. She argues that the language mentions an expunged conviction for two specific offenses—sexual or physical abuse offenses committed against a child—but does not clearly state "an expunged conviction" for any of the enumerated offenses.

Landers claims that the expunged convictions of sexual or physical abuse against a child may be used against someone applying for a teacher's license, but those are the only expunged convictions that may be considered. The second part of subsection (d)(1)(A)(v) states "any offense in subsection (c) of this section." Landers contends that, because her conviction for theft-of-property has been expunged, she has no longer committed any offense in subsection (c). She cites *Jones v. Huckabee*, 369 Ark. 42, 250 S.W.3d 241 (2007), for the proposition that the only time section 16–90–902 does not allow the "clean slate" effect is when "specifically provided by law." *Id.* at 46–47, 250 S.W.3d at 245.

Landers argues that section 6–17–410 differentiates between a conviction and an expunged or pardoned conviction on certain offenses, but not all. As this court does not look into the intent of the legislature on a provision when it is clear from the language of the statute what is meant, Landers asserts that the findings and conclusions of the lower court and the Board must be reversed. She contends that this statute, by its wording, conveys that some convictions are serious enough to warrant denial or revocation even with an expungement or pardon. Had the legislature meant an expunged offense for any of the items included in subsection 410(c), the language would state such, and not include an exception for two offenses and not the remaining thirty two.

Landers cites three Attorney General opinions relied upon by the Board, and she claims that all are inapplicable. *See* Op. Ark. Att'y Gen. No. 57 (2003); Op. Ark. Att'y Gen. No. 141 (2002); Op. Ark. Att'y Gen. No. 237 (1999). Landers contends that Op. Ark. Att'y Gen. No. 237 (1999) is inapplicable to the issue before this court because the question presented was whether the potential employee, who was currently serving a probationary sentence, would be allowed to conceal his conviction, which was not yet sealed under the applicable petition to seal and other statutory requirements. She argues that the other two opinions relate back to the 1999 opinion. She points out that the 1999 opinion does not take into account the effect of a valid order to seal being entered after the sentence is fully served. She claims that even though Op. Ark. Att'y Gen. No. 141 (2002) states that the Attorney General would reach the same conclusion if the person had a successful expungement; this conclusion is in direct contradiction to Arkansas Code Annotated section 16–90–902. She maintains that the Board's reliance on an improper interpretation of the law is still an improper result.

The Board argues that it properly considered Landers's expunged felony conviction to deny licensure. The Board claims that Landers's insistence that she should have been treated by the Board as if the conviction never occurred is based on a misinterpretation of both Arkansas Code Annotated section 16–90–902, and Arkansas Code Annotated section 6–17–410.

Under section 16–90–902(a), an expunged record will not affect a person's civil rights or liberties "unless otherwise specifically provided by law." Pursuant to *Jones, supra,* an expunged criminal record can affect an individual's civil rights or liberties if specifically provided by law. Section 6–17–410 is one such example. In subsection 410(c), licensure is not given to those who have pled guilty or nolo contendere to or have been found guilty of any one of thirty-three listed disqualifying offenses. By referencing both those who have pled guilty or nolo contendere in addition to those who have been found guilty, the General Assembly intended to include those whose records have been expunged as those ineligible for licensure

due to criminal conduct. Had it simply prohibited individuals who had been convicted or found guilty of a disqualifying offense from receiving a teaching license, then section 16–90–902 would apply. However, the Board maintains, and we agree, that, when construing section 6–17–410(c) just as it reads and giving meaning and effect to every word within the statute, it is clear that the General Assembly intended for all who have pled guilty or nolo contendere to a disqualifying offense to be prohibited from receiving a teaching license, regardless of whether the individual's record has since been expunged.

Further, section 6–17–410(d)(1)(A)(v) defines various causes for which the Board may revoke or suspend an individual's teaching license or place one's teaching license on probation and specifically states one such cause as "[h]aving an expunged or a pardoned conviction for any sexual or physical abuse offense committed against a child or any offense in subsection (c) of this section." Landers's interpretation—that "expunged or pardoned conviction" only applies to "sexual or physical abuse offenses committed against a child" and not to "any offense in subsection (c)"—is an incomplete interpretation. The Board maintains that the phrase "expunged or pardoned conviction" relates to both "any sexual or physical abuse offense committed against a child," and "any offense in subsection (c)." To interpret it as Landers insists would be to define cause as having "an expunged or pardoned conviction for any sexual or physical abuse offense committed against a child or *having a conviction* for any offense in subsection(c)." (Emphasis added.) Given the plain meaning of the statutory language, we find no abuse of discretion in the Board's decision.

Finally, the Board contends that its decision to deny Landers's application for licensure and request for a waiver is sup-

ported by substantial evidence. Landers requested a waiver from the Board pursuant to Arkansas Code Annotated section 6–17–410(f), which allows a waiver at the request of the applicant upon consideration of certain factors, including the age at which the crime or incident was committed; the circumstances surrounding the crime or incident; the length of time since the crime or incident; subsequent work history; employment references; character references; and other evidence demonstrating that the applicant does not pose a threat to the health or safety of school children or school personnel. The Board maintains that it considered all the evidence presented and expressed concern over Lander's character due to her criminal conduct and lack of remorse. Further, the Board noted a lack of support from Landers's employer, the superintendent of the Vilonia School District, and recognized that her proposed area of licensure, prekindergarten through grade four, is not a high-need area of certification. Based on the evidence presented, the Board's denial of Landers's request for a waiver is supported by substantial evidence.

Affirmed.

KINARD and GLOVER, JJ., agree.