MIKE MURPHY, Judge
On February 16, 2018, appellant AJ Bradford Lunsford, Jr., was convicted of possession of a firearm by a felon at a bench trial in the Pulaski County Circuit Court. On appeal, he argues that this court should revisit our holding in Smith v. State , 2011 Ark. App. 439, 2011 WL 4067400, and conclude that the expungement of his felony restored his right to possess a firearm. We affirm.
On January 27, 2017, while serving Lunsford with a warrant for aggravated assault, police officers found Lunsford in possession of a loaded pistol. The aggravated-assault charges were later dropped, but the felon-in-possession charge went forward. At the bench trial, Sheriff Jeffrey King testified about serving the warrant on Lunsford and finding the gun. The State then introduced evidence of Lunsford's 2002 felony conviction and rested. Lunsford moved to dismiss, arguing the evidence was insufficient; the motion was denied. Lunsford then introduced the 2005 order to seal his 2002 felony conviction and argued that the expungement of his felony conviction restored his right to possess a firearm. Lunsford again moved to dismiss the felon-in-possession charge. The circuit court denied that motion as well, and Lunsford now appeals.
*900 As he did below, Lunsford argues on appeal that the expungement of his felony restored his right to possess a firearm. He acknowledges that his argument goes directly against the holding in an earlier case by this court, Smith v. State , 2011 Ark. App. 439, 2011 WL 4067400, but he argues that Smith was incorrectly decided and that we need to revisit that holding.
Here, as in Smith , the order sealing the record of Lunsford's conviction was entered pursuant to the expungement provisions found in Arkansas Code Annotated sections 16-90-901 et. seq. (Repl. 2006). The relevant statute, section 16-90-902(a), provides that an individual whose record has been expunged "shall have all privileges and rights restored and shall be completely exonerated, and the record which has been expunged shall not affect any of his or her civil rights or liberties unless otherwise specifically provided by law." In other words, the clean-slate effect of expungement is not absolute: if specifically provided by law, an expunged criminal record could affect an individual's civil rights or liberties. Jones v. Huckabee , 369 Ark. 42, 46, 250 S.W.3d 241, 244 (2007).
In Smith , we held that the felon-in-possession statute under which Lunsford was convicted was one such exception. That statute prohibits a person who has been convicted of a felony from possessing a firearm, and a determination of guilt by either a jury or a court that the person committed a felony constitutes a conviction, even if the court suspended imposition of sentence or placed the defendant on probation. Ark. Code Ann. § 5-73-103(a)(1) (Repl. 2016). The statute exempts anyone who is granted a pardon by the governor of Arkansas. Ark. Code Ann. § 5-73-103(d). An amendment to the statute effective July 31, 2009, created another exception, providing that the "determination of guilt" provision does not apply to a person whose case was dismissed and expunged under Arkansas Code Annotated sections 16-93-301 et seq. or section 16-98-303(g). Ark. Code Ann. § 5-73-103(b)(2). However, that exception is inapplicable here because (1) it became effective after Lunsford's offense occurred and (2) Lunsford was neither sentenced under nor had his conviction expunged under those parts of the Code.
After carefully reviewing the law and the arguments made by counsel, we decline to overrule our holding in Smith , supra. The conviction is affirmed.
Affirmed.
Gladwin and Brown, JJ., agree.