# NO. 12-07-00325-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BYRON SHAWN BRIER, APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The trial court found Appellant Byron Shawn Brier guilty of the offense of communicating with a minor by electronic mail in a sexually explicit manner, and assessed his punishment at confinement for two years. In two issues, Appellant claims his counsel was ineffective for failing to object or properly object to evidence showing the victim's age. We affirm.

## BACKGROUND

A patron of the Lufkin public library noticed Appellant at one of the library's computer stations viewing pictures of children wearing underwear. He reported this to Amanda Bailey, one of the librarians. On her reference desk computer, Bailey used a program called Virtual Networking Computer or VNC to view the same images Appellant was viewing at his computer station. Appellant was viewing pictures of "very seductive younger children" on MySpace.com, an Internet web site. Bailey also observed Appellant send a message to "Joey," one of the boys whose photographs Appellant had been viewing. Appellant asked to be added to "Joey's" friends list and asked if "Joey" had ever had oral sex.

Lufkin Police Officer Virgil Hightower responded to a call from the library. He confronted

Appellant at the computer station and identified him as Byron Brier, born on January 3, 1958.

The hard drives of the computer Appellant used were delivered to Detective John Davis of the Lufkin Police Department. From the hard drives, Detective Davis recovered the page of pictures of young boys that Appellant had been viewing as well as Appellant's message to "Joey." Davis also verified from MySpace records that the messages sent from computer 3 were sent using Appellant's MySpace identification number. Davis testified that "Joey" is a real child and about twelve years old.

Appellant did not testify at the guilt/innocence stage of the trial. At the punishment hearing, Appellant admitted using the Internet to ask "Joey" and other boys sexually explicit questions about the nature and extent of their sexual activity with other children.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In the two issues presented, Appellant complains that his trial attorney was ineffective.

### Standard of Review

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). To prevail on his claim of ineffective assistance, an appellant must show that his attorney's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712. This court will not second guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex. Crim. App. 1979). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The constitutional right to counsel does not entitle a defendant to errorless counsel. ***Saylor v. State***, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel was ineffective, the reviewing court must consider the totality of the circumstances present in the case. ***Thompson***, 9 S.W.3d at 813.

A defendant must overcome the presumption that, under the circumstances, the challenged conduct of the defense might be considered sound trial strategy. ***Strickland***, 466 U.S. at 689, 104 S. Ct. at 2065; ***Henderson v. State***, 29 S.W.3d 616, 624 (Tex. App.–Houston [1st Dist.] 2000, pet. ref'd). A reviewing court may not base a finding of ineffectiveness on speculation. ***Henderson***, 29 S.W.3d at 624.

## Applicable Law

At the time of the offense, section 33.021(b) of the penal code provided as follows:

> A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet or by electronic mail or a commercial online service, intentionally:
>
> > (1) communicates in a sexually explicit manner with a minor;
> > . . . .

Act of June 18, 2005, 79th Leg., R.S., ch. 1273, § 1, 2005 Tex. Gen. Laws 4050, *amended by* Act of June 15, 2007, 80th Leg., R.S., ch. 1291, § 7, 2007 Tex. Gen. Laws 4344, 4350. "Minor" means an individual who represents himself or herself to be younger than 17 years of age or an individual whom the actor believes to be younger than 17 years of age. TEX. PENAL CODE ANN. § 33.021(a)(1) (Vernon Supp. 2008).[1]

To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1; TEX. R. EVID. 103(a)(1). An objection to the admission of evidence that no proper or sufficient predicate has been laid is too general to preserve error. ***Williams v. State***, 596 S.W.2d

---

[1] The definition of "minor" was the same at the time of the offense.

3

862, 866 (Tex. Crim. App. 1980).

**Discussion**

Appellant first contends that his trial counsel was ineffective in allowing Detective Davis to testify that "Joey" was twelve years old. Detective Davis's testimony, Appellant insists, was the only direct evidence of the victim's age, a crucial element of the State's case. Appellant argues that his counsel made no effort to inquire how Detective Davis knew "Joey's" age nor did his counsel raise a hearsay objection.

Even if it be conceded that Appellant's counsel erred in failing to object to Davis's testimony that "Joey" was twelve years old, it was not an error of the magnitude sufficient to undermine our confidence in the trial's outcome. State's Exhibit 6 showed a picture of "Joey" as well as the text of the message to "Joey" together with his picture. Amanda Bailey testified that "Joey" definitely appeared to be younger than seventeen. The trier of fact was entitled to consult the photograph in order to determine if "Joey" was a person Appellant believed to be younger than seventeen years of age.

Appellant contends next that his counsel was constitutionally ineffective because he failed to raise a sufficient objection to State's Exhibit 5. State's Exhibit 5 is a page of pictures of scantily clad young boys that Appellant was purported to have been viewing when Amanda Bailey used VNC to pull up the screen at his computer station. Appellant maintains that "[Amanda] Bailey could not testify that the images on the page were the same as she saw on May 16, 2006 [the date of the offense]." Appellant's trial counsel objected to the introduction of State's Exhibit 5 stating, "I still renew my objection. Improper predicate, Your Honor." As Appellant points out, an objection that does not specify how the predicate is insufficient does not preserve error. *Williams*, 596 S.W.2d at 866.

The record shows, however, that Amanda Bailey identified State's Exhibit 5 by testifying that "those were the images I saw." It is also evident from Bailey's testimony that the photographs were the product of a reliable system. *See* Tex. R. Evid. 901(b)(9). The preceding proof was sufficient to demonstrate that the challenged exhibit was what its proponent claimed it to be. *See* Tex. R. Evid. 901(a). Therefore, we conclude that the trial court would not have erred in admitting State's Exhibit 5 over a properly specific objection. Moreover, the admission of State's Exhibit 5 was not

4

necessary to prove any essential element of the State's case. There is no likelihood that its exclusion would have altered the result.

Appellant has failed to show that there is reasonable probability that, but for the errors alleged, the result of the trial would have been different. *See **Tong***, 25 S.W.3d at 712. Moreover, our review of the record and the totality of Appellant's representation at trial leads us to the further conclusion that his counsel conducted a competent, vigorous, and zealous defense.

Appellant's first and second issues are overruled.

### DISPOSITION

The judgment of the trial court is ***affirmed***.


   BILL BASS   
Justice


Opinion delivered April 15, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*


(DO NOT PUBLISH)